**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 7:16-cv-00054-O** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is Rhonda Fleming, Charlsa Little, and Jeanette Driver's (collectively Putative Intervenors") Motion to Intervene (ECF No. 101), filed December 29, 2016; and Putative Intervenors' Motion for Preliminary Injunctive Relief (ECF No. 102), filed December 30, 2016. The existing parties filed objections (ECF Nos. 112, 113, 117) and the Putative Intervenors filed Replies and Request for a Live Hearing (ECF Nos. 118, 123).  Having reviewed the pleadings and the applicable law, the Court finds that the motions must be **SEVERED** and removed to a new civil action.

Under Federal Rule of Civil Procedure 21, trial courts are afforded broad discretion to "sever any claim against a party."  Fed. R. Civ. P. 21; *Reid v. Gen. Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007) (citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)). When considering severance, courts weigh the following factors: "(1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice

1

would be averted by severance; (5) whether different witnesses and documentary proof are required for separate claims." *In re S. Scrap Material Co., LLC*, 713 F. Supp. 2d 568, 588 (E.D. La. 2010) (citing *Xavier v. Belfor Grp. USA, Inc.*, Nos. 06–491 and 06–7804, 2008 WL 4862549, at *3 (E.D. La. Sept. 23, 2008)).   If a court severs claims under Rule 21, the severed claims "become independent actions with separate judgments entered in each." *Id.* (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2387 at 277 (1971 & 1990 Supp.); 3A J. Moore, Moore's Federal Practice ¶ 21.05[2] at 21–34–35 (1990)).

Putative Intervenors seek to intervene in the present case to challenge the housing of male prisoners at Federal Medical Center Carswell.  Put. Int. Mot. Intervene, ECF No. 101.  Because the present case deals with statutes protecting privacy in educational environments and workplaces, not federal prisons, Putative Intervenors' claims are inapposite to the present case. Here, all of the relevant factors weigh in favor of severance.

For the foregoing reasons, it is **ORDERED** that the Clerk of the Court open a new civil action entitled "Rhonda Fleming, et al. v. John Doe" and copy the following to the docket of the new civil action: (1) ECF Nos. 101–125; and (2) this Order.  Putative Intervenors will be afforded an opportunity to amend or withdraw their complaint in the new civil action.  Further, Putative Intervenors' Motion to Intervene (ECF No. 101); Motion for Preliminary Injunction (ECF No. 102); and Motion for Live Hearing (ECF No. 125) are hereby **DENIED as moot** in the present case.

**SO ORDERED** on this **3rd day** of **February, 2017.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

2