UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 29 2016
CLERK, U.S. DISTRICT COURT
By _____ Deputy

JEANETTE DRIEVER,
CHARLSA LITTLE,
RHONDA FLEMING,
    Plaintiff-Intervenors,

TEXAS,
    Lead Plaintiff,

v.                                No.  7:16-cv-00054-O

UNITED STATES OF AMERICA

MOTION TO INTERVENE

TO THE HONORABLE COURT:

    The Plaintiff-Intervenors move the Court to allow them to intervene in the above referenced case in accordance with Fed. R. Civ. Proc., Rule 24(a) and/or (b).  In support of the Motion to Intervene, the Plaintiff-Intervenors present the following:

CASE BACKGROUND

    As the Court stated in its Opinion granting injunctive relief, the "case presents the difficult issue of balancing the protection of students' rights and that of personal privacy when using school bathrooms, locker rooms, showers, and other intimate facilities, while ensuring that no student is unnecessarily marginalized while attending school."  Id. at 1.

    13 states and varies agencies are challenging the assertions that Title VII and Title IX require that all persons must be afforded the opportunity to have access to these intimate facilities which match their gender identity rather than their biological sex.

    By executive action, the Department of Justice ("DOJ") essentially ordered the Plaintiffs to "immediately allow students to use bathroom, locker rooms, and showers of the student's choosing, or risk losing Title IX-linked funding."

The Lead Plaintiffs filed this case and obtained injunctive relief from this Court.

CLAIMS OF THE PLAINTIFF-INTERVENORS

While the present case was being litigated, Federal Medical Center, Carswell, a federal women's prison, began bringing in men that self-identify as women. These men are allowed to do everything that the Defendants state is required by the Lead Plaintiffs.

Men, with penis' are living in cells, using bathrooms, showers, and all other intimate facilities with the Plaintiff-Intervenors, whom are all non-violent, female, prisoners, whose rights to personal privacy and dignity have been infringed upon by the Defendants.

For example, Linda Thompson, a man that is approximately 6'3", weighs 270, and wears a size 15 shoe, is a bank robber that allegedly cut off his own penis, twice. In December 2016, after arguing with a correctional officer about how he was wearing his uniform, Thompson solved the conflict by stripping off all of his clothing and walked around the unit completely naked, disrespecting and humiliating over 150 women. All of the women at the prison have been traumatized and are living in fear of Thompson and all of the other men that are housed at the prison.

The DOJ violated the Administrative Procedure Act by instituting a directive, but denying the Plaintiff-Intervenors any notice and comment period. The housing of biological men with women in federal prisons has been hidden from the public by the Obama Administration.

At least 40% of the female prison population come from backgrounds with physical abuse by men. Several of these male prisoners have been assaultive towards the women prisoners.

Plaintiff-Intervenor Driever was terrified to find herself in a secluded bathroom area on December 22, 2016, alone with Thompson. On the same day, Plaintiff-Intervenor Little expressed her concern about being moved to a housing area with men. Little , a victim of domestic violence, expressed fear of men in the prison. The senior warden's response is instructive in how all Americans are being forced to relinquish their privacy rights. Warden Upton responded, "Every inmate in this institution is considered a female..." There is no law that says this is true and because it isn't true, the Plaintiff-Intervenors rights

are being violated, presently and in the future.  The directive of the Defendants and the DOJ discriminate against women.  It endangers women physically and emotionally, where the Plaintiff-Intervenors have witnessed these men beating other women prisoners.

The Plaintiff-Intervenors have even been threatened with rape by one of the male prisoners.  One stated he would "choke these b---hes" with his penis.  Another did not want a roommate and told the officers that if they put a woman in the cell he would rape them.  Numerous officers were outraged and have repeated it.

The Plaintiff-Intervenors attach the senior warden's response to this Motion as proof of the conditions at FMC Carswell.

RIGHT TO INTERVENE UNDER RULE 24(a)

To intervene by right, the prospective intervenors must meet the requirements of Rule 24(a)(2).  The Plaintiff-Intervenors meet this standard.

The Application/Motion is timely.  The case is less than 6 months old.  The Plaintiff-Intervenors have an interest relating to the transaction which is the subject of the case where the Obama Administration continues to attempt to force American citizens to relinquish their values and/or right to privacy to support the interest of a small group that can be accommodated in other ways.  Men should not be sharing intimate facilites with women, may this be at schools, restaurants, or in prisons.  As prisoners, with limited legal skills or power to protect our rights, the Plaintiff-Intervenors are situated that the disposition of this case could cause the current conditions with men in women's prisons to become the norm.  Any ruling in the favor of the Defendants would become a precedent in this district.  And, the State of Texas and other Plaintiffs have little or no ability to represent the Plaintiff-Intervenors interest in not sharing intimate facilities with biological men or transgender males.

The Court may find that the Plaintiff-Intervenors also meet the standard of permissive intervention under Rule 24(b)(1) because the Plaintiff-Intervenors have a claim that shares with the main action.  The Defendants violated the APA and protection of prisoners' interest in their safety would be impaired if intervention was not granted.

-3-

Other considerations are that if the DOJ directive being enforced in federal prisons are allowed to continue, it would set a precedent. Andre Saunders, Linda Thompson, Donald Collins, Peter Langan, and many others can use their access to intimate facilities in a government building changing the fundamental privacy rights of women.

Women have a right not to be stripped by male officers in prisons, so surely the Plaintiff-Intervenors would have a privacy right against being stripped searched in the presence of male inmates or sharing intimate facilities with men.

If this unconstitutional conduct is allowed against the Plaintiff-Intervenors, the case of men to go into women's intimate facilities will be in the favor of sexual predators.

There is a wave of cases where male prisoners are alleging Gender Identity Disorder to get transferred to women's prisons. This is going on nationwide. They are demanding sex changes and transfers to women prisons. Please see, Fields v. Smith, 653 F.3d 550 (7th Cir. 2011) (holding that transgenders have a right to reassignment surgery and hormones); Kosilek v. Spencer, 774 F.3d 63 (1st Cir. 2014)(holding that prison required to allow male prisoner with GID to have female clothing, female personal effects, and electrolysis to remove facial hair, but not sexual reassignment surgery, although dissenting opinion said otherwise).

With or without the surgery, once they identify as women, they will be placed with the Plaintiff-Intervenors, in violation of the rights of physically born women prisoners. There is no case law precedent on the protection of the privacy rights of women in prison versus men with GID.

The Plaintiff-Intervenors believe that this Court should address this matter in the context of the rights of women, whether in prison, or in a shopping mall bathroom, to their bodily privacy.


PRAYER FOR RELIEF

The Plaintiff-Intervenors move the Court to fashion a remedy it feels is appropriate, if the Court finds that the Defendants violated the APA and/or the constitutional rights of women prisoners at FMC Carswell. The Plaintiff-Intervenors move the Court for appointment of counsel, litigation costs, and damages.

Respectfully Submitted,

-4-

_____
Jeanette Driever #10965-023

_____
Charlsa Little #47394-177

_____
Rhonda Fleming #20446-009


CERTIFICATE OF SERVICE

A copy of the same was sent to the U.S. Attorney's Office, 1100 Commerce, 3rd Floor, Dallas, Texas 75242

_____
Rhonda Fleming
12/27/2016



****PLEASE SEE ATTACHMENT*******

-5-

Name: Rhonda Fleming
Reg. No. 20446-009
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

NORTH TEXAS TX PDS
DALLAS TX 753
27 DEC 2016 PM

⇔ 20446-009 ⇔
U S Fed District Clerk
501 W 10TH ST
Room 310
FORT Worth, TX 76102
United States

76102-975999

Legal Mail

RECEIVED
U.S. DISTRICT COURT
NORTHERN DISTRICT TX
2016 DEC 29 PM 12:08
CLERK OF COURT

FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Routed: 12/27/16

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. (4)