## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:16-CV-00054-O |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

---

### PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE BY JEANETTE DRIEVER, ET AL.

---

Three female prisoners seek to intervene to challenge the housing of male prisoners at Federal Medical Center Carswell ("Carswell"). ECF No. 101. Proposed intervenors raise questions of privacy and public safety. However, their intervention is untimely and their claims do not belong in this case. Accordingly, intervention is unwarranted.

## I.    FACTS

Jeanette Driever, Charlsa Little, and Rhonda Fleming (collectively, "proposed intervenors"), are inmates at Carswell, "the only full service hospital in the country for chronically ill women who have been convicted of federal crimes." Betty Brink*, Death by Indifference*, FORT WORTH WEEKLY (Apr. 18, 2012), *available at* https://www.fwweekly.com/2012/04/18/death-by-indifference/. Recently, Carswell began accepting male prisoners who self-identify as women. ECF No. 101 at 2–4. Proposed intervenors allege that the United States of America,[1] in violation the Constitution and the Administrative Procedure Act, has imperiled the privacy,

---

[1] The United States of America, through the Department of Justice, administers the Bureau of Prisons, which operates Carswell. Pub. L. No. 71-218, 46 Stat. 325 (1930).

dignity, and safety of female inmates by housing men with women at Carswell. *Id.* They seek to intervene by right and by permission of the Court under Federal Rule of Civil Procedure Rule 24(a)–(b).

## II.   LEGAL STANDARD

Rule 24(a)(2) of the Federal Rules of Civil Procedure governs mandatory intervention. It provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction which is the subject of the action, and is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Rule 24(b), which controls permissive intervention, authorizes the court to allow anyone to intervene who files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact."[2]

## III.   ARGUMENT

### A. The proposed intervention is untimely.

An untimely intervention motion—under Rule 24(a) or (b)—may be denied without taking into account the Rule's other requirements. *Staley v. Harris Cnty., Tex.*, 223 F.R.D. 458, 461 (S.D. Tex. 2004), *aff'd*, 160 F. App'x 410 (5th Cir. 2005) (upholding an "exceptionally good" district court opinion denying an untimely intervention); 7C WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 1913 (3d ed. 2007) (explaining that "timeliness *requires* a discretionary balancing of interests and in this sense *all* intervention is

---

[2] Proposed intervenors do not argue—nor is there any apparent basis for such an argument—that a federal statute gives them an unconditional or conditional right to intervene. Thus, neither Rule 24(a)(1) (unconditional right to intervene under federal statute), nor Rule 24(b)(1)(A) (conditional right to intervene under federal statute), is relevant.

discretionary") (emphasis added) (internal footnotes omitted). In determining timeliness, the Court must consider "all the circumstances" and exercise its "sound discretion." *NAACP v. New York*, 413 U.S. 345, 366 (1973). And "unless that discretion is abused, the court's ruling will not be disturbed on review." *Id.*

Here, two circumstances, in particular, render the intervention untimely. First, as in *Preston v. Thompson*, 589 F.2d 300, 304 (7th Cir. 1978), proposed intervenors moved *after* the Court issued, and reaffirmed, a preliminary injunction. ECF No. 58 (Aug. 21, 2016); ECF No. 86 (Oct. 21, 2016). And further militating against intervention, proposed intervenors presented their motion more than four months after the preliminary injunction, a significantly longer delay than that at issue in *Preston*. 589 F.2d at 304 (denying intervention when the union waited "over three weeks after the preliminary injunction was granted").

Second, "[t]here is even more reason to deny an application to intervene made while an appeal is pending." 7C WRIGHT & MILLER § 1916. Since the onset of the litigation, Plaintiffs and Defendants have demonstrated a mutual interest in resolving this case with appropriate haste. The parties agreed to expedited briefing to facilitate a ruling on the preliminary injunction before the start of the school year, and continue to submit briefs to the Court of Appeals on an accelerated schedule. *See* Defendants-Appellants' Motion for Partial Stay Pending Appeal at 2 n.1, *Texas, et al., v. United States of America, et al.*, No. 16-11534 (5th Cir. Nov. 23, 2016) (requesting expedited briefing to resolve the contested matter "before the start of the next school semester"). As the parties have already filed several appellate briefs, "[g]ranting intervention in this case and at this time would clearly interfere with its rapid disposition, and it is not warranted by the circumstances." *Dillard v. Cty. of Foley*, 926 F. Supp. 1053, 1062 (M.D. Ala. 1995).

### B. There is no sufficient interest, or common question of law or fact.

The factual circumstances and the controlling legal principles raised in the

intervention are distinct from those at issue in this case. As such, the proposed intervenors do not have an "interest relating to the property or transaction which is the subject of the action," or a claim that "shares with the main action a common question of law or fact," as required under Rule 24(a)–(b).

The issue that proposed intervenors address—the opening of Carswell to both sexes—is different from the subject matter of this case for several reasons. This Court's injunction applies solely "to the issue of access to intimate facilities." ECF No. 86 at 6. And although Plaintiffs' complaint references the Prison Rape Elimination Act ("PREA"), it does not challenge, as do proposed intervenors, the housing of males in female prisons. Rather, Plaintiffs' PREA claim concerns a provision of that statute's implementing regulations—28 C.F.R. § 115.42(f)—that permits inmates who identify as the opposite sex "to shower separately from other inmates." ECF No. 6 at ¶ 97. A different rule, which Plaintiffs have not challenged, controls the *transfer* of prisoners who self-identify as the opposite sex. 28 C.F.R. § 115.42(c). Thus, a ruling in this case "will in no way affect [the proposed intervenors'] private right" to challenge the federal government's enforcement of § 115.42(c). *Cities Serv. Co. v. U.S. Dep't of Energy*, 715 F.2d 572, 574 (Temp. Emer. Ct. App. 1983).

Additionally, Plaintiffs have sought to uphold the longstanding principles that protect intimate areas in educational environments and workplaces, not prisons. *See*, *e.g.*, ECF No. 90 at 11. These protections are supported by historical writings, case law, and common sense. *Id.* at 13. And they are codified in Title VII, Title IX, and the OSH Act, each of which fully embraces privacy, safety, and dignity principles. *Id.* at 15–27. In short, the housing of inmates implicates different interests, *cf. Jones v. North Carolina Labor Union, Inc.*, 433 U.S. 119, 140 (1977), and these interests are "separate and apart" from the privacy concerns that animate "the underlying cause of action." *Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 332 F.3d 815,

823 (5th Cir. 2003). Accordingly, the intervention should be denied.

## IV.   CONCLUSION

Plaintiffs do not oppose the Court considering, in subsequent proceedings, the filings of proposed intervenors as the submissions of *amici curiae*. However, for the reasons stated herein, the motion to intervene should be denied.

Respectfully submitted this the 16th day of January, 2017,

| | |
|---|---|
| LUTHER STRANGE<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| BRAD D. SCHIMEL<br>Attorney General of Wisconsin | JEFFREY C. MATEER<br>First Assistant Attorney General |
| PATRICK MORRISEY<br>Attorney General of West Virginia | BRANTLEY D. STARR<br>Deputy First Assistant Attorney General |
| HERBERT SLATERY, III<br>Attorney General of Tennessee | PRERAK SHAH<br>Senior Counsel to the Attorney General |
| MARK BRNOVICH<br>Attorney General of Arizona | ANDREW D. LEONIE<br>Associate Deputy Attorney General |
| SCOTT PRUITT<br>Attorney General of Oklahoma | AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | */s/ Austin R. Nimocks*<br>AUSTIN R. NIMOCKS<br>Texas Bar No. 24002695<br>austin.nimocks@oag.texas.gov |
| SEAN REYES<br>Attorney General of Utah | MICHAEL C. TOTH<br>Senior Counsel |
| CHRISTOPHER M. CARR<br>Attorney General of Georgia | JOEL STONEDALE<br>Counsel |
| | Office of Special Litigation<br>ATTORNEY GENERAL OF TEXAS<br>P.O. Box 12548, Mail Code 009<br>Austin, Texas 78711-2548<br>Tel: 512-936-1414 |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I, Austin R. Nimocks, hereby certify that on this the 16th day of January, 2017, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Austin R. Nimocks*
Austin R. Nimocks