IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:16-CV-00054-O |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| | § | |
|     *Defendants*. | § | |

**PLAINTIFFS' RESPONSE TO MOTION FOR
PRELIMINARY INJUNCTION BY JEANETTE DRIEVER, ET AL.**

In conjunction with moving to intervene, ECF No. 101, three female prisoners contend that the Court should enjoin Defendants from transferring male prisoners to Federal Medical Center Carswell ("Carswell"), a federal prison hospital for women. ECF No. 102. As the Court does not have jurisdiction to grant the requested relief, the motion should be denied.

## I.    FACTS

Jeanette Driever, Charlsa Little, and Rhonda Fleming (collectively, "movants"), are inmates at Carswell, "the only full service hospital in the country for chronically ill women who have been convicted of federal crimes." Betty Brink, *Death by Indifference*, FORT WORTH WEEKLY (Apr. 18, 2012), *available at* https://www.fwweekly.com/2012/04/18/death-by-indifference/. The inmates allege that, recently, Carswell began accepting male prisoners who self-identify as women. ECF No. 101 at 2–4.

Movants assert that the transfers are "[b]ased on the Obama Administration's directives on sexual identity," ECF No. 102 at 7. And, on December 30, 2016, they requested that the Court grant "the same relief" that was awarded to Plaintiffs, to

wit: an injunction preventing the housing of both sexes in the same prison. *Id.* at 8. Before movants sought injunctive relief, however, Defendants filed a notice of appeal, ECF No. 88 (Oct. 20, 2016), and have proceeded to challenge the breadth of the Court's injunction before the Fifth Circuit. *See* Defendants-Appellants' Motion for Partial Stay Pending Appeal, *Texas, et al., v. United States of America, et al.*, No. 16-11534 (5th Cir. Nov. 23, 2016).

## II.   LEGAL STANDARD

"A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Henton v. Stephens*, No. 3:14-cv-345, 2016 WL 6125454, at *1 (S.D. Tex. Oct. 20, 2016) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). The filing of a notice of appeal deprives the district court of jurisdiction to hear matters connected to the appeal. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002); *Erly Indus. v. M/V CHADA NAREE*, 226 F.3d 641 (5th Cir. 2000) ("A district court is divested of jurisdiction upon the filing of notice of appeal with respect to any matters involved in the appeal.") (*per curiam*).

## III.   ARGUMENT

A district court lacks "the power to alter the status of the case" in the manner that the movants request. *Dayton Ind. Sch. Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). As the Court is well aware, Plaintiffs have sought to uphold longstanding principles protecting the privacy and dignity of both sexes in intimate areas at educational facilities and workplaces. *See, e.g.*, ECF No. 90 at 11. These principles are evidenced in case law and further protected by statutory text. *Id.* at 15–27. And they are overruled by Defendants' new rule, which turns "workplaces and educational settings across the country into laboratories for a massive social experiment" without basis in law or common sense. ECF No. 6 at 3.

The Court properly concluded that the law does not prohibit schools and

employers from maintaining sex-designated intimate areas. ECF No. 58; ECF No. 86; ECF No. 100. The scope of the Court's injunction is now on appeal. *See* Defendants-Appellants' Motion for Partial Stay Pending Appeal, *supra*, at 9–21. Yet movants ask the Court to revisit precisely that question. They request that the Court rule that the injunction applies to the housing of inmates in federal prisons, and enjoin federal officials from transferring prisoners to facilities designated for the opposite sex. "Given the current posture of this case," movant's requested relief, "would, if granted, alter the status of the case as it rests before the Fifth Circuit and constitute an action outside this Court's jurisdiction." *Henton*, No. 3:14-CV-345, 2016 WL 6125454, at *1. Accordingly, the motion should be denied.

Furthermore, even assuming that this Court had jurisdiction, the requested relief is unwarranted. As Plaintiffs explained in response to movants' proposed intervention, "[t]he factual circumstances and the controlling legal principles raised in the intervention are distinct from those at issue in this case," ECF No. 112 at 3–4. The injunction addresses intimate areas in educational environments and workplaces, not prisons. *See, e.g.*, ECF No. 86 at 6. Indeed, the housing of federal inmates implicates different policy interests, *cf. Jones v. N.C. Labor Union, Inc.*, 433 U.S. 119, 140 (1977), which were not briefed by Plaintiffs or relied upon by the Court in awarding injunctive relief. Moreover, the interests of Plaintiffs, as sovereigns, that this Court protected through its injunction are not implicated, as far as Plaintiffs can tell, by Movants (*federal* prisoners in a *federal* prison). Accordingly, movants are not within the scope of the Court's injunction in this matter.

## IV. CONCLUSION

For the reasons stated herein, the putative intervenors' motion for preliminary injunction should be denied. Putative intervenors' interests can be raised in a separate proceeding, if they so desire.

Respectfully submitted this the 17th day of January, 2017,

| | |
|---|---|
| LUTHER STRANGE<br>Attorney General of Alabama | KEN PAXTON<br>Attorney General of Texas |
| BRAD D. SCHIMEL<br>Attorney General of Wisconsin | JEFFREY C. MATEER<br>First Assistant Attorney General |
| PATRICK MORRISEY<br>Attorney General of West Virginia | BRANTLEY D. STARR<br>Deputy First Assistant Attorney General |
| HERBERT SLATERY, III<br>Attorney General of Tennessee | PRERAK SHAH<br>Senior Counsel to the Attorney General |
| MARK BRNOVICH<br>Attorney General of Arizona | ANDREW D. LEONIE<br>Associate Deputy Attorney General |
| SCOTT PRUITT<br>Attorney General of Oklahoma | AUSTIN R. NIMOCKS<br>Associate Deputy Attorney General |
| JEFF LANDRY<br>Attorney General of Louisiana | _/s/ Austin R. Nimocks_<br>AUSTIN R. NIMOCKS<br>Texas Bar No. 24002695<br>austin.nimocks@oag.texas.gov |
| SEAN REYES<br>Attorney General of Utah | |
| CHRISTOPHER M. CARR<br>Attorney General of Georgia | MICHAEL C. TOTH<br>Senior Counsel |
| | JOEL STONEDALE<br>Counsel |
| | Office of Special Litigation<br>ATTORNEY GENERAL OF TEXAS<br>P.O. Box 12548, Mail Code 009<br>Austin, Texas 78711-2548<br>Tel: 512-936-1414 |
| | _Attorneys for Plaintiffs_ |

## CERTIFICATE OF SERVICE

    I, Austin R. Nimocks, hereby certify that on this the 17th day of January, 2017, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                 */s/ Austin R. Nimocks*
                                                 Austin R. Nimocks