IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RHONDA FLEMING, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*. | Civil No. 7:17-cv-0009-O |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSIONS OF TIME TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION, AND TO RESPOND TO THIRD AMENDED COMPLAINT**

As demonstrated in Defendants' motion for extensions of time, ECF No. 85, good cause exists for a modest enlargement to permit the opportunity to fully respond to Plaintiffs' motion for a preliminary injunction and to respond to Plaintiffs' Third Amended Complaint. And despite Plaintiffs' complete opposition to the proposed enlargement during the Conference of counsel process, Plaintiffs now appear to oppose the enlargement only in part, and do not oppose the requested enlargement of time to respond to the Third Amended Complaint. *See* ECF No. 87 at 1-2. Yet Plaintiffs oppose the requested two-month enlargement to respond to their preliminary injunction motion which is supported by a 328-page appendix containing 26 affidavits, and instead suggest a "reasonable compromise": to wit, that the Court enter part of the preliminary relief sought in their motion now. *Compare* ECF No. 87 at 2-3, 5 (proposing that Plaintiffs be relocated to other minimum security facilities); *with* the proposed order (unfiled) to the preliminary injunction motion requesting as injunctive relief the transfer of Plaintiffs to other minimum security facilities). Plaintiffs' "reasonable compromise" that Defendants acquiesce in

their request for preliminary injunctive relief is anything but reasonable, and they have failed to refute Defendants' showing of good cause to enlarge the preliminary injunction response deadline. Furthermore, the injunctive relief Plaintiffs seek is unattainable as decisions regarding classification and designation of inmates to a particular prison facility or program are vested within the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3621(b).

Plaintiffs' principal argument for objecting to Defendants' motion for an enlargement is that Plaintiffs are "vulnerable female Plaintiffs—one of whom has already been raped while in custody. . . ." ECF No. 87 at 3. Defendants take these allegations very seriously. However, Plaintiffs' current assertions have no tether to the issue of the placement of transgender females at Carswell where three of the Plaintiffs currently are housed. According to the Third Amended Complaint, the rape occurred in a half-way house, "before coming to Carswell." *See* Third Amended Complaint, ECF No. 59 ¶ 35. Not only does the rape allegation lack appropriate context, but it also shows the fallacy of Plaintiffs' argument that they need to be transferred elsewhere because it would be safer than remaining where presently housed during a two-month extension. Indeed, BOP takes inmate safety extremely seriously, and when alerted to dangers in the inmate population, takes all appropriate actions. *See, e.g.,* 28 C.F.R. § 115.42(b) ("The agency shall make individualized determinations about how to ensure the safety of *each* inmate.") (emphasis added).

Defendants explained in their motion that additional time to respond to Plaintiffs' preliminary injunction motion also was justified because none of the Plaintiffs had exhausted her administrative remedies. Plaintiffs do not dispute this point, and instead conclusorily state that exhaustion would have been futile. ECF No. 87 at 3. Although Defendants dispute that administrative exhaustion would have been futile, the Court need not resolve that legal issue for

purposes of Defendants' extension motion. The point is that it is undisputed that, because Plaintiffs did not exhaust their administrative remedies, Defendants have been deprived of the opportunity to fully investigate their factual allegations. Defendants' modest request for a two-month extension would provide necessary time to fully investigate and respond to Plaintiffs' varied allegations.

Defendants further explained in their motion that additional time was justified because of the extensive appendix Plaintiffs submitted in support of their preliminary injunction motion, including the submission of 26 affidavits. *See* ECF No. 85 at 2. In response, Plaintiffs contend that Defendants are "already conversant with many of the declarations," because they were submitted in *Texas v. United* States, No. 7:16-cv-00054 (N.D. Tex. May 25, 2016). *See* ECF No. 87 at 3. Plaintiffs' argument is belied by the fact that nine of the declarations were not submitted in connection with the *Texas* case (indeed, they are dated after the May 12, 2017 filing of the Third Amended Complaint), and even if they were the only declarations that Defendants must become familiar with—and they are not—Defendants need additional time to fully respond to Plaintiffs' motion and to submit their own declarations and other evidence.[1]

Because Plaintiffs have failed to refute Defendants' showing of good cause to enlarge the deadline to respond to the preliminary injunction motion and Third Amended Complaint, Defendants respectfully request that their motion for extensions of time to respond to the preliminary injunction motion, and to respond to the Third Amended Complaint, be granted.

---

[1] Plaintiffs' argument that the "ordinary response deadlines found in the [Fed. R. Civ. P.] are presumed 'adequate,'" ECF No. 87 at 2, is particularly confounding given that the Court reduced the Defendants' response time from 21 days to 14 days from Plaintiffs' filing of notice of their motion. Defendants calculate the 14-day period running from Plaintiffs' filing of the June 29, 2017 Notice, ECF No. 84, of serving the preliminary injunction motion.

Dated: July 10, 2017	Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JOHN R. PARKER
United States Attorney

JOSHUA E. GARDNER
Assistant Director, Federal Programs Branch

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
D.C. Bar #400633
EMILY NESTLER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. N.W., Rm. 6136
Washington, D.C. 20530
phone: (202) 305-1953
fax: (202) 616-8460
email: Kenneth.Sealls@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties by operation of the Court's electronic filing system.

                                                s/ *Kenneth E. Sealls*
                                                KENNETH E. SEALLS
                                                Trial Attorney
                                                United States Department of Justice