IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| RHONDA FLEMING, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Civil No. 7:17-cv-0009-O |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIALLY OPPOSED MOTION
FOR ENTRY OF PROTECTIVE ORDER**

**PRELIMINARY STATEMENT**

As demonstrated in Defendants' Partially Opposed Motion for Entry of Protective Order, ECF No. 93, good cause exists for entry of a Protective Order to prevent any inmate from viewing material and information that Defendants anticipate relying upon in this case that is subject to the Privacy Act and/or the law enforcement privilege, as well as information that could compromise prison security because it describes the Bureau of Prisons' ("BOP") decision-making processes regarding the placement of certain inmates in BOP facilities and describes how BOP manages its inmate population.

Plaintiffs, citing Third Circuit cases concerning Protective Orders that do not involve BOP, *see* ECF No. 97 at 2-3, have failed to refute the fact that they have no fundamental right to view Protected Material that is otherwise available to their counsel and those in their counsel's employ, including experts. Instead, Plaintiffs posit hypothetical scenarios where they believe they might suffer prejudice if they were not allowed to view Protected Material to prepare their case. However, as we demonstrate below, the proposed Protective Order provides a mechanism

by which Plaintiffs would be able to view Protected Material under appropriate circumstances in order to prepare their case. And, Plaintiffs contend incorrectly that the proposed Protective Order lacks restraint in the form of attorney's fees should the Defendants indiscriminately designate material as Protected Material. For these reasons, and those set forth in Defendants' opening Brief, the Court should enter the proposed Protective Order.

## ARGUMENT

First, Plaintiffs are accorded no less opportunity under the proposed Protective Order to view confidential information than the plaintiff was in *Rosoff v. United States,* No. 09-cv-02471-O (N.D. Tex.), whose Protective Order, ECF No. 46-1, Plaintiffs attempt to distinguish from the instant proposed Protective Order. Plaintiffs assert that, allegedly unlike the proposed Protective Order in this case, the *Rosoff* Protective Order allowed disclosure of protected material under certain circumstances: (a) with the parties' consent; (b) when absolutely necessary to litigate the case; and (c) when permitted by the Court or opposing counsel. *See* Plaintiffs' Brief, ECF No. 97 at 5. But the proposed Protective Order in the instant matter in fact provides Plaintiffs a process by which they can seek view of documents they believe are needed to prepare their case. Specifically, under Paragraph 18(a) of the proposed Protective Order, Plaintiffs may meet and confer with Defendants for the purpose of removing a Protected Material designation in order to disclose the material to Plaintiffs if "such protection is not warranted. . . ." ECF No. 93-2 at 6 ¶ 18. That provision is essentially what the *Rosoff* Protective Order allowed, a mechanism for the parties to resolve their differences about designations and to allow for the disclosure of otherwise Protected Material where appropriate. Of course, if the parties could not reach agreement on whether certain information should be disclosed, the proposed Protective Order, similar to the one in *Rosoff,* allows Plaintiffs to petition the Court for relief from what they believe is an

improper withholding of material needed for the prosecution of their case. *See* ECF No. 93-2 at 3 ¶ 6.

Plaintiffs gloss over the reasons set forth in Defendants' opening Brief about why the proposed Protective Order in this case is necessarily stricter than the one in *Rosoff* in limiting Protected Material the Plaintiffs may view.  As opposed to *Rosoff,* where plaintiff alleged that BOP was negligent in housing him in a manner that failed to protect him from another inmate's assault, Plaintiffs in this case seek a very broad injunction governing how the BOP may place its inmates, transgender inmates in particular, in each of its facilities nationwide.  As a result, in addition to relying on information that is protected under the Privacy Act and is subject to law enforcement privileges, Defendants anticipate also that they will rely on information that, if made known to Plaintiffs, could compromise prison security because it describes Defendants' decision-making processes regarding the placement of certain inmates in BOP facilities and describes how BOP manages its inmate population.  Contrary to Plaintiffs' assertion to the contrary, these are specific, identifiable reasons in support of the scope of the proposed attorneys' eyes only Protective Order.[1]

Plaintiffs have also not refuted the fact that the release of Protected Material to Plaintiffs (and thereby possibly to other inmates) would present an untenable situation in which Plaintiffs would have access to information concerning investigations of other inmates' misconduct, the identities of complaining inmates, and the identities of witnesses to alleged prison incidents of misconduct.  Allowing Plaintiffs access to such sensitive, privileged information could very

---

[1] The Fifth Circuit case on which Plaintiffs rely, *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) does not support their argument that the proposed Protected Order is overbroad. ECF No. 97 at 6. Rather, the Court in *Doe* merely addressed "plaintiff's asserted need to proceed anonymously through the use of a fictitious name." 653 F.2d at 185.

possibly enable them to use such information to retaliate against other inmates or to otherwise jeopardize the safety of the prisons. A prime example of the potential harm to other inmates that could result by allowing Plaintiffs to view Protected Material is Plaintiffs' own claim that they were threatened by other inmates at Carswell as a result of their having accessed court filings from this case through PACER. *See* Plaintiffs' Motion for Preliminary Injunction, Appx. at 126 (ECF Nos. 79-81).

Second, Plaintiffs' argument for attorney's fees for any alleged over-designation by Defendants overlooks the fact that the proposed Protective Order in fact allows Plaintiffs to seek attorney's fees. *See* ECF No. 93-2 at 7 ¶ 20 ("Plaintiffs retain the right to challenge Defendants' designation of Protected Material in accordance with Fed. R. Civ. P. 26 or the Privacy Act."). Federal Rule of Civil Procedure 26(c)(3) governs the award of expenses for over-designation, pursuant to Rule 37(a)(5).

Because Plaintiffs have failed to refute Defendants' showing of good cause for the proposed Protected Order, and have not demonstrated any fundamental right to the material Defendants seek to protect or shown that they would be prejudiced without it, the Court should grant Defendants' motion and enter the proposed Protective Order.

Dated: August 10, 2017								Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JOHN R. PARKER
United States Attorney

JOSHUA E. GARDNER
Assistant Director, Federal Programs Branch

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
D.C. Bar #400633
EMILY NESTLER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. N.W., Rm. 6136
Washington, D.C. 20530
phone: (202) 305-1953
fax: (202) 616-8460
email: Kenneth.Sealls@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties by operation of the Court's electronic filing system.

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
Trial Attorney
United States Department of Justice