**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RHONDA FLEMING, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:17-cv-00009-O** |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>PROTECTIVE ORDER</u>**

1.   Purpose:  The Court enters this Order to govern the production and use in this case of any records, documents and/or information:

    a.   that may be protected under the terms of the Privacy Act, 5 U.S.C. § 552a; or

    b.   that contains Law Enforcement Sensitive ("LES") Information, which is defined as any information determined by the United States to be subject to the law enforcement privilege under applicable law; or

    c.   that contains sensitive information concerning how the Bureau of Prisons manages Federal Medical Center, Carswell, in Fort Worth, Texas, and Federal Prison Camp, Bryan, in Bryan, Texas, and the inmates who are designated to those two facilities.

2.   This Order sets forth mandatory procedures for persons who receive or review documents or information produced under this Order.

3.   Definitions:

    a.   As used in this Order, the term "Protected Materials" means government records, documents and other information or tangible things, including but not limited to computerized and/or electronic information, that is protected from disclosure under the Privacy Act, 5 U.S.C. § 552a and the law enforcement privilege.

-1-

b.      "Protected Materials" designated under this Order shall include,
without limitation: (a) all copies, extracts, and complete or partial summaries
prepared from such documents, things, or information so designated; (b) portions
of deposition transcripts and exhibits to deposition transcripts that contain,
summarize, or reflect the content of any such documents, things, or information;
and (c) portions of briefs, memoranda, or any other writings filed with the Court
and exhibits thereto that contain, summarize, or reflect the content of any such
documents, things, or information.

c.      For purposes of this Order, the term "record" as it relates to the
Privacy Act Protected Materials shall have the same meaning as set forth in the
Privacy Act, 5 U.S.C. § 552a(a)(4); the term "record" as it relates to law
enforcement privileged information shall mean any information determined by the
United States to be subject to the law enforcement privilege under applicable law.

4.      Defendants and their counsel are hereby authorized to release Protected Materials
to Plaintiffs' counsel, for their eyes only, and to the Court, and may do so without obtaining the
prior written consent of third parties.

5.      Protected Materials shall be marked "CONFIDENTIAL – SUBJECT TO
PROTECTIVE ORDER," or a similar designation.  For any records, such as electronic data,
whose medium makes such stamping impracticable, the cd, diskette, tape case, and/or
accompanying cover letter shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE
ORDER," or a similar designation.

6.      Protected Materials, any copies thereof, and any and all the information contained
therein, shall be distributed to, and used by, only those individuals listed in Paragraph 7 of this

Order, for the sole purpose of this litigation and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order approved by the Court.

7.     Protected Materials, and any copies thereof, and the information contained therein, may be disclosed without written consent of the opposing party only to:

(a)     Plaintiffs' attorneys—but not to be disclosed to their clients or any other inmates—and persons regularly in the employ of the Plaintiffs' attorneys assisting in this litigation, including secretarial, clerical and paralegal or student personnel, and Plaintiffs' expert witnesses and anyone working at their direction, such as non-testifying consultants;

(b)     the Court and its personnel, including court reporters.

8.     Protected Materials, any copies thereof, and any and all information contained therein shall be used in this action only by Plaintiffs' counsel of record, and shall be used by them solely for the benefit of Plaintiffs and for the purpose of this action.

9.     All Protected Materials produced to Plaintiffs, and any copies thereof, and the information contained therein, must be stored at all times in a secure location maintained by Plaintiffs' attorneys and may not be sent to or reviewed by any person outside of that location. This does not preclude the emailing of covered documents between counsel.

10.     Any person listed in paragraph 7(a) who is to review Protected Materials must sign the Acknowledgment of Protective Order, attached hereto as Exhibit A, before he or she is given access to Protected Materials.  Plaintiffs' counsel shall maintain copies of the acknowledgement forms, and will make such forms available: (a) to the Court at its request; and (b) to Defendants in the event of a loss or suspected loss of Protected Materials or at Defendants' request if a Defendant has cause to believe that any individual who received Protected Materials has not adhered to the terms of this Order.  No person to whom Protected Materials have been

-3-

disclosed shall, in turn, disclose the Protected Materials other than pursuant to the terms of this Order.

11.     If any Party seeks to file any paper with the Court that contains or reflects any Protected Materials, including but not limited to pleadings, briefs, exhibits, responses to written discovery, and any portions of depositions where the contents of Protected Materials are discussed, the Parties may attempt to agree that the documents can be redacted to remove the Protected Materials and, in the absence of such agreement, the Party shall request that the material be filed under seal pursuant to the procedures set forth in Local Civil Rule 79.3.

12.     All individuals to whom Protected Materials are disclosed by Plaintiffs or by Plaintiffs' counsel consistent with the restrictions in paragraphs 4, 5, 6, 7, 8, 9 & 10 shall destroy or return any and all Protected Materials and copies thereof in their possession to Plaintiffs' counsel of record within thirty (30) days of termination of this litigation, or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

13.     Protected Materials and all copies thereof (other than Protected Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within thirty (30) days after the termination of this litigation, including any appeals.  Any document created by Plaintiffs or their counsel which contains or reflects Protected Materials that have not been redacted (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated.

14.     At the request of Defendants, Plaintiffs' counsel shall certify to the destruction of all such documents, as referenced in paragraphs 12 and 13, not returned to the United States

Department of Justice, Civil Division within thirty (30) days of the termination of this litigation, and/or receipt of the request, whichever is later.

15.     This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible.  Further, this Order is without prejudice to the rights of the Parties to apply to the Court for a further protective order relating to the Protected Materials or to make any discovery objections permitted by the Federal Rules of Civil Procedure, or any statute or other authority.  Nothing in this Order shall be deemed a waiver of any privileges or defenses that Defendants have regarding the production of the requested information, and thus this Order does not constitute a ruling on or waiver of any potential objection to the production or admissibility of any material.

16.     Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict a party's use of materials produced by that party. Nothing in this Order shall be construed to confer rights on any third party.

17.     The failure by a producing party to designate specific documents or materials as Protected Materials shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon written notice to the receiving party of such failure to designate, or of incorrect designation, the receiving party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to paragraph 7, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation.  No person or party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

18.     The producing party shall be solely responsible for designating Protected Materials.  The parties retain the right to challenge a designation of Protected Materials before the Court, or to request the Court to modify any of the restrictions contained in this Protective Order.  If a receiving party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

a.     The receiving party seeking such removal shall give counsel of record for the producing party, notice thereof, in writing by email, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The producing party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Protective Order and to schedule a meet and confer amongst the parties.  Any such objection shall be made in writing (by email).  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b.     If the parties cannot reach agreement concerning the matter, the receiving party seeking such removal may submit to the Court for ruling a motion to be relieved entirely or in part from the provisions of this Protective Order.  The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the parties.

19.     Defendants are hereby authorized to release to Plaintiffs' counsel Privacy Act protected records pertaining to the Plaintiffs and records subject to the law enforcement privilege.  Plaintiffs' counsel hereby represent that they are authorized to receive such records.

20.     Defendants shall be solely responsible for designating Protected Material. Plaintiffs retain the right to challenge Defendants' designation of Protected Material in accordance with Fed. R. Civ. P. 26 or the Privacy Act.  The parties retain the right to seek a modification of any provision of this Protective Order.

**SO ORDERED** on this **16th day** of **August, 2017.**

Reed O'Connor

**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RHONDA FLEMING, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:17-cv-00009-O** |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have read and understand the Protective Order ("Order") entered in this action.  I hereby agree to be bound by the terms of the Order. Specifically,

1.      I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind.

2.      I agree that records and information, and all copies thereof protected by the Order (including but not limited to electronic copies), may not be removed from, or reviewed outside of, a secure location, except to the extent the records and information are: (a) sent to the Court for filing; (b) returned to Defendants or Defendants' counsel; or (c) exchanged between counsel in this litigation.

3.      I agree that records and information, and all copies thereof protected by the Order (including but not limited to electronic copies), shall be returned to Plaintiffs' counsel within 30 days after the termination of this litigation, and I agree not to further use the records and

**Exhibit A**

information for any purpose.  I further agree that any documents created by Plaintiffs, their counsel, or Plaintiffs' counsel's employees, containing PROTECTED MATERIALS also will be returned by me to Plaintiffs' counsel within 30 days after the termination of the litigation.  I understand that Plaintiffs' counsel shall determine whether the documents or other media shall be returned to Defendants or destroyed and that, if destroyed, Plaintiffs' counsel shall certify in writing to Defendants' counsel that such documents or other media have been destroyed;

4.      I agree that, subject to the restrictions in the Order and paragraph 2 above, I may disclose records and information protected by the Order only to the Court, the parties' attorneys of record, and persons regularly in the employment of such attorneys assisting in this litigation, including secretarial, clerical and paralegal or student personnel, who have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation;

5.      I agree that those portions of any filings with the Court which contain records or information protected by the Order shall be redacted by agreement of the parties, or filed under seal.

6.      I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time; and

7.      I hereby consent to the personal jurisdiction of the United States District Court for the Northern District of Texas in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____
[Signature]
_____
[Print name]
_____
Date

2