

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

RHONDA FLEMING, ET AL.,
    Plaintiff,

v.                                No. 7:17-cv-0009-"O"

UNITED STATES OF AMERICA, ET AL.,
    Defendants.

PLAINTIFF FLEMING'S MOTION TO ADOPT PLEADINGS
FOR PRELIMINARY INJUNCTIVE RELIEF

TO THE HONORABLE COURT:

   Plaintiff Fleming adopts the Motion for injunctive relief pending before the Court, filed by her co-Plaintiffs attorneys. All Plaintiffs have moved for the immediate removal of all male transgender inmates from federal women's prisons and for a lower level custody transfer out of the direct custody of the Defendants until the resolution of the case.

   The Court may consider the following facts in support of the requested relief:

ADDITIONAL FACTS IN SUPPORT OF REMOVING MALE TRANSGENDER INMATES FROM WOMEN'S FEDERAL PRISONS

1.   The Department of Homeland Security segregates male transgender detainees at the Alvarado Detention Center in Alvarado, Texas.

2.   Men's federal prisons are racially segregated and the Supreme Court has upheld racial segregation in prison housing for security and discipline.

3.   Not one county or state penal facility in Texas allows biological male inmates or male transgender inmates to

be locked in housing cells with biological female inmates. There is absolutely no precedent for the unlawful conduct of the Defendants. There are numerous cases which put the Defendants on notice that women inmates would suffer harm if the prison were made coed. Any reasonable official reviewing the policy would have concluded that it had the potential to humilate and demean female inmates. There was clear deliberate indifference to the obvious ramifications of the Defendants' policy to house male inmates with female inmates, causing them to share prison cells, showers, and other intimate areas. County and state officials were aware such conduct was dangerous and violative of the constitutional bodily privacy rights of women, as held in **Oliver v. Scott**, 276 F.3d 736, 746 (5th Cir. 2002) and **Jordan v. Gardner**, 986 F.2d 1521, 1525 (9th Cir. 1993). In both cases, the appellate courts acknowledged the physical, emotional, and psychological differences in male and female inmates--stating women were more likely to suffer physical and sexual abuse by men.

ADDITIONAL FACTS IN SUPPORT OF LOWER LEVEL CUSTODY TRANSFER OF PLAINTIFF FLEMING

1.  18 U.S.C. § 4042 requires that the Defendants provide "protection, safekeeping, and care during incarceration" of all inmates. After the filing of this lawsuit, the Defendants failed to comply with Section 4042 by allowing or promoting:

    a. Repeated incidents of sexual harassment, bullying and/or stalking of the Plaintiff by male transgender inmates;

    b. Sexual abuse of Plaintiff Fleming during the litigation of this case by BOP male employees in retaliation for filing this lawsuit;

    c. Unsafe work conditions and the violation of work assignment restrictions the Plaintiff has had since 2005, causing the Plaintiff to be physically injured;

    d. Denial of medical and mental health care after

For the reasons stated above, the Plaintiff moves the Court to grant the requested injunctive relief.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
December 11, 2017
FPC Bryan
PO Box 2149
Bryan, TX 77805

CERTIFICATE OF SERVICE

Service is performed by the electronic filing of this Motion by the U.S. Clerk.

4

Rhonda Fleming 20446-009
Federal Medical Carswell Prison Camp - Bryan
P.O. Box 2149
Bryan, TX 77803

◇ 20446-009 ◇
U S Fed District Clerk
1000 Lamar ST
Room 203
Wichita Falls, TX 76301
United States

RECEIVED
DEC 1 8 2017
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

NORTH TEXAS TX PCIDC
DALLAS TX 750
14 DEC 2017 PM 12 L

76301-343153