**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| BRENDA RHAMES, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil No. 7:17-cv-0009-O |
| UNITED STATES OF AMERICA, *et al.*, | |
| *Defendants*. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

      I.     Plaintiff Lacks A Current Injury-In-Fact Sufficient To Establish Article III
            Standing .................................................................................................................. 2

      II.    Plaintiff Fails To Refute That Her APA Claim Is Barred By Statute ...................... 5

      III.   Plaintiff Does Not Raise A Genuine Dispute To The Fact That She Has
            Failed To Exhaust Administrative Remedies ......................................................... 6

CONCLUSION...................................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Bauer v. Texas*,
  341 F.3d 352 (5th Cir. 2003) ................................................................ 4

*Center for Individual Freedom v. Carmouche*,
  449 F.3d 655 (5th Cir. 2006) ................................................................ 3

*City of L.A. v. Lyons*,
  461 U.S. 95 (1983) ................................................................................ 4

*Davis v. FEC*,
  554 U.S. 724 (2008) .............................................................................. 3

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
  528 U.S. 167 (2000) .............................................................................. 3

*Gonzalez v. United States*,
  No. 14-CV-263, 2015 WL 13344910 (W.D. Tex. Aug. 12, 2015) ..................................... 5, 6

*Krilich v. BOP*,
  346 F.3d 157 (6th Cir. 2003) ................................................................ 6

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .............................................................................. 4

*Mercado-Pedroza v. Warden, FCI Beaumont Medium*,
  No. 1:17-CV-42, 2018 WL 1310008 (E.D. Tex. Feb. 13, 2018) ........................... 7

*Schipke v. Van Buren*,
  239 Fed. Appx. 85 (5th Cir. Aug. 30, 2007) ...................................... 7

*Simmons v. United States*,
  No. 405-CV-296, 2005 WL 2219257 (N.D. Tex. Sept. 13, 2005) ..................... 5

*Sowell v. Chandler*,
  No. 14-CV-020-O, 2014 WL 1794854 (N.D. Tex. May 6, 2014) .......................... 5

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ........................................................................ 4

*United States v. Voda*,
  994 F.2d 149 (5th Cir. 1993) ................................................................ 5

*Warth v. Seldin*,
   422 U.S. 490 (1975) ................................................................................................ 5

**STATUTES**

18 U.S.C. § 3621 ......................................................................................................... 1, 6

18 U.S.C. § 3625 ......................................................................................................... 1, 5

42 U.S.C. § 1997e ........................................................................................................ 2, 6

## INTRODUCTION

Defendants demonstrated in their Memorandum in Support of their Motion to Dismiss, or, in the Alternative, for Summary Judgment (ECF No. 207) ("Defs.' Mem."), that Plaintiff lacks Article III standing because she does not allege a current injury-in-fact in her operative Amended Complaint, ECF No. 191. *See* Defs.' Mem. at 7-9. Because Plaintiff does not address, much less dispute, this central argument, dismissal is warranted. Rather than contend that she is facing a current injury-in-fact, Plaintiff instead speculates that she may face an injury-in-fact in the future because the Bureau of Prisons ("BOP") has the authority to decide where to house male-to-female transgender inmates (hereafter "transgender inmates") who are in BOP custody, BOP could at any time house transgender inmates where Plaintiff resides, or even transfer Plaintiff to a facility where such inmates reside. *See* Plaintiff's Response in Opposition ("Pl.'s Resp."), ECF No. 212 at 3. Yet Plaintiff fails to identify any non-speculative, imminent injury-in-fact based upon the hypothetical prospect that, at some time in the future, she *might* be housed with a transgender inmate. Accordingly, the Court should dismiss Plaintiff's operative Amended Complaint for lack of jurisdiction.

Defendants further demonstrated in their opening brief that 18 U.S.C. § 3625 expressly bars the application of Plaintiff's Administrative Procedure Act ("APA") claim that challenges BOP's statutorily-granted authority to make exclusive placement decisions with respect to inmates who are in BOP custody. *See* Defs.' Mem. at 10-12. In her Response, Plaintiff conflates BOP's unreviewable authority to make decisions on where to house inmates, *see* 18 U.S.C. § 3621, with judicial review of BOP rule-making which, of course, is reviewable under the APA. Indeed, Plaintiff concedes that her suit essentially challenges BOP's placement decisions concerning transgender inmates: "the irreducible principle underlying Ms. Rhames' complaint is

that the Defendants are housing male inmates with female inmates."  Pl.'s Resp. at 12.

Plaintiff's concession is fatal to her APA claim.

Finally, Defendants demonstrated in their alternative motion for summary judgment that

Plaintiff failed to exhaust her administrative remedies, a prerequisite to suit under the Prison

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), by not filing any administrative

complaints while at Alderson, let alone any administrative complaint concerning the placement

of transgender inmates at that facility.  Defs.' Mem. at 13-17.  As with her standing to sue,

Plaintiff does not dispute that she failed to exhaust administrative remedies.  Rather, Plaintiff

makes the factually unsupported claim that administrative remedies were unavailable to her at

Alderson because the warden at another facility, Carswell Federal Medical Center ("Carswell"),

told two other inmates there (but not Plaintiff) that BOP's transgender inmate housing policies

and directives were established by President Obama and the Department of Justice ("DOJ"), and

that the warden at Carswell was following those policies and directives.  Pl.'s Resp. at 13.  But

even if these facts were supported by admissible evidence, they do not justify the Plaintiff's

failure to exhaust administrative remedies.  Accordingly, should the Court not dismiss this action

on jurisdictional grounds, it should enter summary judgment in favor of Defendants.

## ARGUMENT

I.     Plaintiff Lacks A Current Injury-In-Fact Sufficient To Establish Article III Standing

As established in Defendants' opening brief, there are no transgender inmates at

Alderson, Plaintiff is not suffering any current injury-in-fact from the possible placement of

transgender inmates in other BOP facilities, and Plaintiff has thus failed to establish Article III

standing.  Defs.' Mem. at 7-9.  Plaintiff does not dispute that she lacks a cognizable injury-in-

fact.  That concession dooms her claim, and the Court should dismiss Plaintiff's Amended Complaint for lack of jurisdiction.

Rather than allege a current injury-in-fact, Plaintiff instead makes two arguments concerning subject matter jurisdiction.  First, Plaintiff attempts to reframe the standing argument as one concerning mootness, and suggests that BOP transferred her to Alderson where no transgender inmates reside in an attempt to moot her action.  Pl.'s Resp. at 2.  In that regard, Plaintiff contends that her transfer to Alderson constitutes a voluntary cessation that does not moot her action.  She argues that her action is not moot because BOP can still transfer her to a facility with transgender inmates in the future or BOP can transfer Plaintiff to any other BOP facility that BOP desires.  Pl.'s Resp. at 3.  Plaintiff's mootness argument is mistaken.

Plaintiff's attempt to frame the issue as one of mootness is a red herring that overlooks the fact that standing is measured from the time of the operative complaint, whereas mootness involves actions that occur post-operative complaint.  *See Davis v. FEC,* 554 U.S. 724, 732 (2008) (standing is the "personal interest that must exist at the commencement of the litigation") (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 189 (2000)); *cf. Center for Individual Freedom v. Carmouche,* 449 F.3d 655, 661 (5th Cir. 2006) ("Mootness is the doctrine of standing in a time frame.  The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).") (citation omitted).   Here, it is undisputed that at the time of the operative complaint, Plaintiff was not housed with any transgender inmates.  Accordingly, mootness principles are irrelevant in analyzing whether the Court possesses subject matter jurisdiction, and the proper Article III inquiry focuses on Plaintiff's standing to sue.  As discussed in Defendants'

opening brief and above, Plaintiff cannot meet her burden to establish standing, and dismissal is warranted.

Second, Plaintiff contends that she faces a significant possibility of future harm because Defendants "retain the authority to place an [transgender inmate] in Alderson or any other women's prison – including within Ms. Rhames' cell" and Defendants have transferred transgender inmates to *other* female facilities.  Pl.'s Resp. at 5-6.  Plaintiff further contends that her allegations of future harm are non-speculative because "Defendants continue to vigorously defend the legality of placing [transgender inmates] in women's prisons and stubbornly perpetuated their presumed legal authority in their 2018 Transgender Offender Manual."  Pl.'s Resp. at 7.  Plaintiff contends that under *Bauer v. Texas*, 341 F.3d 352, 357-58 (5th Cir. 2003), a plaintiff seeking a declaratory judgment may prove standing either by showing an "actual present harm or a significant possibility of future harm." Pl.'s Resp. at 4.  But plaintiff's alleged possibility of future harm fails as a matter of law.  As Defendants explained in their opening brief, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, *Inc. v. Robins,*136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Plaintiff cites to no authority for the proposition that such speculative future harm, even if accepted as true, constitutes a cognizable injury-in-fact and, indeed, the case law is to the contrary.  *See, e.g., City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (holding the threat of irreparable injury to a particular plaintiff must be "real," "substantial," and "immediate," not speculative or conjectural).  Plaintiff has failed to

meet her burden of showing a significant possibility that she will be placed in the same facility as a transgender inmate and, accordingly, the Court should dismiss this action.[1]

## II.   Plaintiff Fails To Refute That Her APA Claim Is Barred By Statute

Defendants demonstrated in their opening brief that 18 U.S.C. § 3625 expressly forecloses Plaintiff's APA claim.  Section 3625 provides that the APA "do[es] not apply to the making of any determination, decision, or order under this subchapter."  Defendants further explained that in the absence of a waiver of sovereign immunity, the Court lacks jurisdiction to adjudicate Plaintiff's APA claim because "under this subchapter" refers to 18 U.S.C. § 3621(b), which gives BOP unreviewable designation authority with respect to APA claims.  *See Sowell v. Chandler,* No. 14-CV-020-O, 2014 WL 1794854, at \*4 (N.D. Tex. May 6, 2014) ("under 18 U.S.C. § 3625, Congress specifically excluded § 3621 from judicial review under the APA."); *see also Simmons v. United States,* No. 405-CV-296, 2005 WL 2219257, at \*2 (N.D. Tex. Sept. 13, 2005).

At its core, Plaintiff's APA claim attacks BOP's placement decisions notwithstanding settled authority holding that BOP's placement decisions are unreviewable.  *See United States v. Voda,* 994 F.2d 149, 151–52 (5th Cir. 1993) ("only the Bureau of Prisons has the actual authority to designate the place of incarceration" because "the executive branch and not the judicial branch is responsible for administering sentences"); *Gonzalez v. United States,* No. 14-CV-263, 2015 WL 13344910, at \*12 (W.D. Tex. Aug. 12, 2015) ("[t]he power to determine the place of a

---

[1] Additionally, as set forth in Defendants' opening brief, Plaintiff may not establish standing based on the alleged harm suffered by third parties.  *See Warth v. Seldin,* 422 U.S. 490, 499 (1975) (a plaintiff "cannot rest his claim to relief on the legal rights . . . of third parties."). *See also* Defs.' Mem. at 9.  Therefore, Plaintiff's allegations that "[o]ther inmates have experienced similar violations of bodily privacy and safety[,]" Am. Compl. ¶ 55, App. 082-083, are insufficient to demonstrate her standing.

prisoner's confinement rests with the BOP; the district court has no authority to dictate or impose

that a plaintiff be confined at a specific location."); *see, e.g., Krilich v. BOP*, 346 F.3d 157, 158

n.2 (6th Cir. 2003) (noting that section 3621(b) "deal[s] with various BOP responsibilities,

including assignment, transfer and release of prisoners" and affirming dismissal under PLRA of

inmate's APA claim that electronic drug detection program was created without notice and

comment).

Plaintiff acknowledges as much, claiming that "the irreducible principle underlying [her]

complaint is that the Defendants are housing male inmates with female inmates." Pl.'s Resp. at

12. Pursuant to the "irreducible principle" governing her action, Plaintiff attempts to challenge

under the APA unspecified BOP housing decisions concerning transgender inmates, by

challenging the BOP regulation and implementing guidelines. *See, e.g.,* Introduction to Am.

Compl. at 1-2, App. 064-065 (this action challenges BOP's regulation "and two [BOP] program

statements that *authorize* male prison inmates to be housed in the general population of federal

women's prisons.") (emphasis added). However, BOP's authority to make decisions regarding

the housing of inmates in its custody stems principally from 18 U.S.C. § 3621, the very same

statute that precludes an APA challenge. Plaintiff is therefore precluded by 18 U.S.C. § 3621

from bringing a claim under the APA to challenge BOP's housing decisions for transgender

inmates.

III.    Plaintiff Does Not Raise A Genuine Dispute To The Fact That She Has Failed To
        Exhaust Administrative Remedies

Defendants established in their summary judgment motion that Plaintiff had to exhaust

her administrative remedies before bringing suit challenging her prison housing conditions, and

that she failed to do so. In particular, Defendants explained that exhaustion is a prerequisite to

suit under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that Plaintiff

did not file any administrative complaints while at Alderson, let alone an administrative

complaint concerning the placement of transgender inmates at that facility.  Defs.' Mem. at 13-

17.  Plaintiff also failed to file any administrative complaints on the subject of the lawsuit while

at Carswell.  *Id.*  Plaintiff does not dispute that she failed to exhaust her administrative remedies.

Rather, Plaintiff attempts to create a genuine dispute by claiming the administrative remedy

process was not available to her.  *See* Pl.'s Resp. at 12-15.  Plaintiff fails to do so.

Plaintiff asserts that the warden at Carswell told two inmates (but not Plaintiff) that the

transgender inmate designation policies and directives were established by President Obama and

the Department of Justice ("DOJ"), and that the Carswell warden was following those policies.

Pl.'s Resp. at 13.  Nevertheless, there is no genuine dispute that Plaintiff did not even attempt to

exhaust her administrative remedies at Alderson where there is a different warden, under a

different administration and a revised policy.  Simply put, even accepting as true Plaintiff's

allegations, they fail to establish a material factual dispute sufficient to overcome summary

judgment.

"The Fifth Circuit has taken the position that exceptions to the exhaustion requirement

only apply in 'extraordinary circumstances,' and the prisoner bears the burden of demonstrating

the futility or unavailability of administrative review." *Mercado-Pedroza v. Warden, FCI

Beaumont Medium*, No. 1:17-CV-42, 2018 WL 1310008, at *2 (E.D. Tex. Feb. 13, 2018)

(quoting *Schipke v. Van Buren*, 239 Fed. Appx. 85, 86 (5th Cir. Aug. 30, 2007)) (not designated

for publication).  Plaintiff has not shown any "extraordinary circumstances" that would meet her

burden of proving her assertion that exhaustion of administrative remedies at Alderson would

have been futile.  She alleges nothing more than her own inaction based on what the Carswell

warden allegedly told two inmates there about his following the directive of an administration

7

that was not in office when Plaintiff had opportunity to file an administrative complaint at Alderson, and concerning a policy that has been revised.  Under these circumstances, there is nothing extraordinary that would excuse Plaintiff from complying with the PLRA and exhausting administratively before she filed this action.  Plaintiff, who filed a Request for Administrative Remedy while at Carswell challenging the conditions of her confinement (unrelated to the placement of transgender inmates there), *see* Defs.' Mem. at 16-17, plainly knows how to file one.  She simply failed to exhaust her administrative remedies at Alderson.  Summary judgment should therefore be granted in Defendants' favor, if the Court does not dismiss Plaintiff's action on jurisdictional grounds.

## CONCLUSION

For the reasons discussed above, as well as the reasons contained in Defendants' opening Memorandum, the Court should dismiss Plaintiff's action or, in the alternative, grant Defendants' motion for summary judgment.

Dated: October 29, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOSHUA E. GARDNER
Assistant Director, Federal Programs Branch

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
D.C. Bar #400633
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Rm. 11520
Washington, D.C. 20005
Tel: (202) 305-1953 — fax: (202) 616-8460
email: Kenneth.Sealls@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff Brenda Rhames by operation of the Court's electronic filing system, and that I caused to be mailed, first-class, postage prepaid, the foregoing to Plaintiff Jeanette Driever, 4900 Wyoming Blvd., NE #41, Albuquerque, NM 87111.

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
Trial Attorney
United States Department of Justice

9