### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | |
|---|---|
| BRENDA RHAMES, *et al.*,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>     *Defendants*. | Civil No. 7:17-cv-0009-O |

### DEFENDANTS' NOTICE OF CASE DEVELOPMENT AND RESULTANT SUGGESTION OF MOOTNESS

On July 11, 2018, Plaintiff Brenda Rhames filed her Amended Verified Complaint, ECF No. 191, which alleges constitutional and statutory violations resulting from a Department of Justice regulation and a Federal Bureau of Prisons ("BOP") Manual that allow BOP to place transgender females (hereafter "transgender inmates") in federal women's prisons on a case-by-case basis. Plaintiff alleged in her Amended Verified Complaint that she currently resides in the Federal Prison Camp, Alderson, West Virginia. Am. Comp. at ¶ 1. Plaintiff seeks permanent injunctive and declaratory relief to prevent Defendants "from housing any male inmates, including those self-reporting to be [transgender inmates], within the general population of a federal women's prison or granting a male inmate access to any female-only privacy area such as restrooms, locker areas, or showers." *Id.* at ¶ 139. On September 10, 2018, Defendants filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Motion"), and explained that Plaintiff lacked standing to sue because she was suffering no actual or imminent injury-in-fact, her APA claim was barred by statute, her claim for nominal damages was barred by sovereign immunity, and that she had failed to exhaust her statutorily-required administrative remedies.

*See* ECF No. 207.  That Motion is fully briefed and awaiting disposition by the Court.  *See* ECF No. 213.

Defendants hereby inform the Court that on December 12, 2018, Plaintiff was placed on home confinement.  *See* Ex. 1, Declaration of Tina Wickline ¶ 8.  Defendants suggest that because Plaintiff is not in a federal women's prison, her case, in which she seeks injunctive and declaratory relief to prevent the placement of transgender inmates in federal women's prisons, is moot.  *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's 42 U.S.C. § 1983 claim for injunctive and declaratory relief from alleged asbestos exposure in one prison was made moot by his transfer to a different prison).  Accordingly, in addition to the bases for dismissal identified in Defendants' Motion, dismissal of Plaintiff's Amended Complaint also is warranted because the Court lacks subject matter jurisdiction as her claims are moot.

Dated: December 18, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
D.C. Bar #400633
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Rm. 11520
Washington, D.C. 20005
Tel: (202) 305-1953 — fax: (202) 616-8460
email: Kenneth.Sealls@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2018, I electronically filed a copy of the foregoing, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff Brenda Rhames by operation of the Court's electronic filing system, and that I caused it to be mailed, first-class, postage prepaid, to *pro se* Plaintiff Jeanette Driever, 4900 Wyoming Blvd., NE #41, Albuquerque, NM 87111.

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
Trial Attorney
United States Department of Justice
