# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BRENDA RHAMES and JEANETTE DRIEVER, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:17-cv-009-O |
| UNITED STATES OF AMERICA, et al., | § § § | |
| Defendants. | § | |

## ORDER DISMISSING PLAINTIFF JEANETTE DRIEVER

This action was held in abatement pending results of the parties' settlement negotiations. *See* Orders, ECF Nos. 111, 156, 174. Counsel for Plaintiff Brenda Rhames notified the Court that, despite good faith negotiations, settlement was not achieved. *See* Notice, ECF No. 180. The Court lifted the stay and returned the case to active status. *See* ECF No. 183. On June 7, 2018, a Status Conference was conducted. As a result of the Status Conference, the Court ordered as follows:

> On May 11, 2018, the United States Department of Justice issued revisions to the Transgender Offender Manual for the Bureau of Prisons. *See* ECF No. 181 at 4-6. Counsel has represented to the Court that, although this case has not settled, the revised manual has resulted in changes in circumstances that warrant revisions in the pleadings. *See* ECF No. 184. Additionally, Plaintiff Brenda Rhames' has voluntarily **WITHDRAWN** her Motion for Preliminary Injunction (ECF No. 79) without prejudice to her right to seek a preliminary injunction in the future if necessary. Due to the change in circumstances in this case, Jeanette Driever and Charlsa Suzanne Little's Motion for Preliminary Injunction (ECF No. 79) is **DISMISSED** without prejudice to their right to seek a preliminary injunction in the future if necessary.
>
> In light of the revisions to the Transgender Offender Manual, and in light of the fact that Jeanette Driever and Charlsa Suzanne Little have dismissed Counsel and are now proceeding *pro se*, Jeanette Driever, Charlsa Suzanne Little, and Counsel for Brenda Rhames, shall each file an Amended Complaint by **July 11, 2018.** (Footnote Omitted). Defendants shall file Answers or otherwise respond to the Amended Complaints by **September 10, 2018.**

*See* Order, ECF No. 187. Plaintiffs were admonished that "[f]ailure to file an Amended Complaint as ordered may result in dismissal of a Plaintiff's claims for want of prosecution." *Id.* at 2 n.1.

On July 20, 2018, the Court granted Plaintiff Jeanette Driever's motion for extension of time in which to file her amended complaint. *See* Order, ECF No. 198. She was directed to file her amended complaint by August 10, 2018. *Id.* Driever was admonished that "[f]ailure to file an amended complaint may result in the dismissal of [her] claims without further notice." *Id.*

On August 14, 2018, the Court granted Plaintiff Jeanette Driever's second motion for extension of time and directed her to file an amended complaint by September 10, 2018. *See* Order, ECF No. 205. She was again admonished that "[f]ailure to file an amended complaint may result in the dismissal of [her] claims without further notice." *Id.*

On September 10, 2018, the Court received correspondence from Jeanette Driever indicating that she wished she had not dismissed counsel, stating that she was trying to find another attorney to represent her, and that she would appreciate any additional time in which to file an amended complaint. *See* ECF No. 208. It has now been over four months since Driever's last communication with the Court. Review of the record reflects that, despite the Court's repeated admonishments regarding possible dismissal for failing to comply with the Court's orders, Plaintiff Jeanette Driever has failed to file an amended complaint.

Rule 41(b), Federal Rules of Civil Procedure, allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice.

*Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).  A dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In light of the status of this case, the imposition of fines and costs is not appropriate.  Although she has failed to comply with the Court's order, it is not evident from the record that Plaintiff Driever has engaged in purposeful delay or contumacious conduct.  Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissing Jeanette Driever as a party to this action.

For the foregoing reasons, Jeanette Driever is **DISMISSED** as a party to this case without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

**SO ORDERED** this **16th day** of **January, 2019.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE