UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

JEANETTE DRIEVER,

ALL SIMILARLY SITUATED FEDERAL FEMALE INMATES,

Plaintiffs,




v.

UNITED STATES OF AMERICA,

ATTORNEY GENERAL OF THE UNITED STATES,

DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,

WARDEN JODY UPTON,

ALL FBOP WARDENS-NATIONWIDE,

ALL FBOP DIRECTORS OF PSYCHOLOGY SERVICES-NATIONWIDE,

UNKNOWN PRISON EMPLOYEES,

ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

Defendants.

No. 7:17-cv-00009-O

JURY DEMAND

PLAINTIFF DRIEVER'S AMENDED CIVIL COMPLAINT

The Plaintiffs, Jeanette Driever and All Similarly Situated Female Inmates bring this lawsuit against the United States and other named officials in their individual and official capacities.

I.

INTRODUCTION

This action arises out of recent Federal Bureau of Prisons (FBOP) rules and regulations that authorizes male prison inmates to be housed in the same facilities that house female inmates. The housing of male and female inmates in the confined and restricted conditions attendant to prisons violates the privacy of female inmates and causes numerous dangers and threats to the physical and mental health and safety of the female Plaintiffs.

The basis for the recent changes to rules and regulations is a politically-driven agenda to affirm that gender identity theory, rather then biological sex, is the normative basis to determine whether an inmate is male or female. Consequently, male inmates who profess to be transgender women are being placed in female-only prison facilities as a method of affirming their misperceived sex. Housing male inmates in facilities otherwise housing only female inmates creates a situation that incessantly violates the privacy of female inmates, endangers the physical and mental health of the female Plaintiffs and others, including prison staff, increases the potential for rape, increases the potential for consensual sex which is nonetheless prohibited by prison regulations, increases the risk for other forms of physical assault, violates the Plaintiffs' right to freely exercise their religion, and causes mental and emotional distress that must be promptly mitigated by preliminary and permanent injunctive relief.

Plaintiffs seek a return to objective reason in prison regulations and the housing actions of the FBOP, and recompense for past harms inflicted on them, in the form of monetary damages.

Throughout this Complaint, Plaintiffs refer to "sex" as the biological sex a person has at birth which correlates to objective indicia of sex such as chromosomes, gonads, and internal and external genitalia. Sex is objectively verifiable; binary, fixed, and defined by our human reproductive nature as either male or female.

Plaintiffs use the term "gender" as it is used by the Defendants' policies and practices, to mean self-perception of one's "gender" that is subjectively discerned and exists within a continuum genders that range from male to female to something else. Gender is established only by a person's self-report; there are no objective indicia that disclose one's "gender," and gender identity theory rejects male and female physiological reproductive systems as being definitional primary sex characteristics. Gender is

subjectively perceived; fluid, and may be called male, female, or something else as the individual may desire.

Finally, "intersex" refers to disorder of sexual physiological development in which there is an abnormal chromosomal complement; the development of deformed or ambiguous genitalia; or some combination of the two. Intersex conditions my be objectively diagnosed and are distinct from "genders" proposed by gender-identity theory. Intersex conditions are irrelevant to this Complaint.

II.

PARTIES AND SERVICE OF PROCESS

1. Plaintiff Jeanette Driever is a former FBOP inmate, who remains under the supervisory authority of the Department of Justice (DOJ), presently resides in Albuquerque, New Mexico.

2. Plaintiff All Similarly Situated Federal Female Inmates, to include heterosexual, Christian, Jewish, and Muslim women formerly and currently in federal prisons nationwide.

3. Defendant United States of America is the sovereign responsible for creation and implementation of the policies being challenged in this lawsuit, and for the incarceration of Plaintiffs and the conditions in which Plaintiffs live. It may be served with process via certified mail delivered to the U.S. Attorney for the Northern District of Texas:

U.S. Attorney's Office

c/o Civil-Process Clerk

_______________________________________

Fort Worth, Texas ________

with copy delivered via certified mail to:

Attorney General of the United States

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

and copy delivered via certified mail to:

Acting Director of the Federal Bureau of Prisons

320 First Street, NW

Washington, DC 20534

4. Defendant Attorney General of the United States and director of the U.S. Department of Justice, and is being sued in his official and individual capacities. He is the official who, among other tasks, supervises the Department of Justice (DOJ), and is being sued in his official and individual capacities. He is the official who , among other tasks, supervises the Department of Justice (DOJ), of which one division is the Federal Bureau of Prisons (FBOP). He is the person responsible for the enforcement of FBOP regulations. He may be served with process via certified mail delivered to the address in paragraph-3, above.

5. Defendant Director of the FBOP is being sued in his official and individual capacities. He is the official responsible, among other tasks, for the creation, administration, and implementation of policies and procedures of the FBOP that are being challenged in this lawsuit. He may be served with process via certified mail delivered to the address in paragraph-3.

6. Defendant Warden Jody Upton and all other Defendant Wardens of federal female prisons, is being sued in their official and individual capacities, for violating the bodily privacy and religious liberty rights of the Plaintiffs. They may be served with process via certified mail delivered to the address in paragraph-3.

7. Defendants Directors of Psychology Services and Unknown Prison Employees, are employees of the United States, and is being sued in their official and individual capacities. Defendant Directors of

Psychology Services failed to protect female inmates from FBOP policies they knew were harmful to female inmates. All Defendants in this paragraph are responsible for enforcing policies which violated the constitutional rights of the Plaintiffs. They may be served with process via certified mail delivered to the address in paragraph-3.

III.

JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court under Article III of the U.S. Constitution and 28 USC Sections 1331 and 1346 because claims in the case arise under the Constitution, federal laws or treaties of the United States, including the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, 42 USC Section 2000(bb), et seq., the Religious Freedom Restoration Act, and under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 US 388 (1971).

9. The court has jurisdiction to issue the requested declaratory relief in accordance with 28 USC Sections 2201 and 2202, and Federal Rules of Civil Procedure 57.

10. The Court has jurisdiction to award attorney's fees and costs in accordance with 28 USC Section 2412 and the Equal Access to Justice Act, and money damages under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 US 288 (1971).

11. Venue is proper in the Northern District of Texas in accordance with 28 USC Section 1391(e) because many of the unconstitutional acts against the Plaintiffs occurred at Federal Medical Center-Carswell and several of the Defendants are located in this District.

IV.

RELEVANT BACKGROUND FACTS

A. General Prison Condition Which Violate the Rights of the Plaintiffs.

12. The Plaintiffs are present and former female inmates of the FBOP. All Plaintiffs have been housed in cells and open dorms with biologically born male inmates who allege they are women and/or female lesbians.

13. Nationwide, the FBOP is overcrowded. The FBOP is housing more inmates than the prisons are designed to hold.

14. The FBOP currently houses an unknown number of biological male inmates with the Plaintiffs in "female only" prisons. The prisons are not officially designated to house male inmates.

15. For the history of this country, an in most Countries world-wide, male prison inmates are housed in separate facilities from female inmates--sex segregated facilities. There are many good reasons for this separation, including to protect the physical safety of the inmates and prison officials, bodily privacy, hygiene, and to prevent or avoid mental/sexual trauma, sexual assault, and consensual relations that are nonetheless against prison regulations.

16. To preserve the right to bodily privacy, female inmates are not subject to routine observation, such as strip searches of video surveillance by male officers. Pat searches by male officers on female inmates were deemed unconstitutional and ended in 2012.

17. The conditions of the federal prisons are controlled by federal regulations and statutes.

B. Recent Changes To Prison Regulations.

18. In 2017, under the Obama Administration, FBOP Program Statement Number 5200.04, the "Transgender Offender Manual" was implemented by the Defendants, which now forces female inmates to be housed with male inmates, who verbally represent that hey are women/female. The former and present administration have been designating male inmates to female-only prisons, nationwide.

19. Under FBOP regulations, male inmates are discerned as being "female" only through their self-report. Moreover, there is no objective, physical, or evidence-based test that can verify that a biological

male inmate is actually a female inmate. This is evidenced by the regulations relating to professed transgender inmates, who are classified as such by this self-report criteria:

Gender identity - a person's sense of their own gender, which is communicated to others by their gender expression. Id. at FBOP PS No. 5200.04.

20. Additionally, this Program State differentiates gender identity from sexual orientation or sexual preferences of the person, stating that "Sexual orientation and gender identity are not related." Id.

21. The Plaintiffs, present and former female inmates, have been subjected to sexual harassment and sexual assault by male inmates, or forced to be housed in an environment of sexual perversion created by the Defendants. Male inmates under the current FBOP regulations have gained access to a captive prison population filled with female inmates who the male inmates still have sexual desire for and who have been ready, accessible victims for mental and physical trauma. Because of the self-reported nature of the gender identity designation, it is likely that male inmates are actually just regular men, with life sentences, or long sentences, that falsely "identify" as female for nefarious purposes to gain access to a female-only prison population in order to engage in sexual assault, rape, or other sexual aggressive activities.

22. Even for those professed transgender inmates who may be sincere in their delusional mental state, the fact that sexual orientation is distinct from gender identity means that these male inmates retain male genitalia and be sexually attracted to females with consequent elevated risk for consensual sex or rape within the inmate population, or between inmates and staff.

23. Regardless of sexual orientation, male inmates often use their male sexual organs as a threat or a weapon against other inmates and correctional female officers. The Defendants recently settled a class action lawsuit in Florida, where the female correctional officers were being sexually harassed by male inmates and the Defendants in this case refused to protect their own employees. The Plaintiffs, unlike the correctional officers, are locked in Special Housing Cells or open dorms, at any given time with male inmates. The privacy of the male inmates is protected, so the Plaintiffs and other female inmates do not know and are not told that they are locked in a cell or open dorm with men.

24. This practice of locking female inmates in cells with male inmates is ongoing. Lawsuits have been filed in other districts, but the Defendants continue the practice, although they have proof of sexual assault, sexual harassment, threats of rape, and other traumatic occurrences against female inmates.

25. The Plaintiffs, against their will, are forced to undress in the presence of male inmates and use intimate facilities with these men, which violates the privacy rights of any woman unwilling to participate in this social experiment, of which the Defendants have failed to conduct any study prior to implementing this policy.

26. Because of this policy, the Plaintiffs have suffered headaches, stomachaches, insomnia, back pain, mental anxiety, and post-traumatic stress disorder. The Plaintiffs are both victims of prior sexual assaultive and/or harassment by men. Therefore, the Plaintiffs, are highly sensitive to the increased likelihood of being victimized by sexually violent men, again.

27. The Defendants have not made any special provisions for the protection, safety, and privacy of the Plaintiffs and other biological female inmates with whom male inmates are being housed. The rights of male inmates who allege they are females are protected, to include their privacy rights, while nothing is said about the religious beliefs, health, or safety of other inmates who do not suffer from sexually-based psychological condition.

28. The Plaintiffs are asking that their legal rights to privacy, safety, and the free exercise of their faith be protected against the inevitable consequences of official policies of intermingling the sexes in their home--which for now is a federal prison, with lockdown cells.

V.

STATEMENT OF APPLICABLE LAWS

29. The Plaintiffs have a right to privacy in one's bodily integrity and it well established under federal law, and protected by the 4th, *8th, and 14th Amendments of the U.S. Constitution, and by various federal states and regulations.

30. The right to be free from threats of physical and mental abuse, while incarcerated in a government prisons is well established under federal law.

31. The right to be free to express and enjoy religious liberty without unreasonable governmental interference is well established in federal law, including the Religious Freedom Restoration Act. The Plaintiffs practice a tenet of their faith which requires modesty and not exposing themselves to the opposite sex.

32. The rights of male inmates are not greater than the rights of female inmates, therefore, there is no legitimate penological interest in forcing Plaintiffs to share with male inmates their cells, locker areas, showers, toilets, and other areas where bodily privacy is normatively protected.

VI.

CAUSES OF ACTION

33. The Plaintiffs and other female inmates have a protected constitutional right to equal treatment under the law. That right has been violated under the Defendants' transgender policy which does not protect or consider the rights of heterosexual women of faith.

34. The policy is cruel and unusual punishment where the conditions place women in physical and mental danger, as well as tormenting the Plaintiffs. The Plaintiffs interact daily with inmates that they fear may be men because of the transgender policy. No one knows for sure and their is rational fear in the female prisons, nationwide. Women were completely disregarded when this policy was created and implemented.

35. Plaintiffs have a constitutional right under the 4th, 8th, and 14th Amendment to expect that prison officials will keep them safe from physical and mental harm by exercising reasonable actions designed to do so. The Defendants, in prior cases in the federal courts, were on notice of the likelihood of violence against women when they are housed near male inmates. See, Lucas v. White, 63 F. Supp.2d 1046 (N.D. Cal. 1999). The Defendants are in violation of a private settlement agreement, the Lucas Settlement, which bars them from housing female inmates with male inmates.

36. The Defendant failed to use the least restrictive means to protect male inmates that identify as women, in their policy that obviously violated the rights of women.

37. The deprivation of the rights of the Plaintiffs are caused by the rules and regulations imposed by the Defendants. Although these policies were implemented by a previous administration, the present Defendants were on notice that the transgender policy was harming the Plaintiffs, nationwide. The Defendants did nothing to reduce the harm to the Plaintiffs, who continue to suffer to this day of the filing of this class action complaint. Specifically, Plaintiff Driever was sexually harassed by male transgender inmates, was exposed to L. Thompson's private areas, and was threatened with physical violence for speaking out about the FBOP policies on transgender inmates. Plaintiff Driever's experience in prison, under the Defendants' policies is typical of the experiences of thousands of FBOP female inmates.

38. All of the Defendant have long, extensive employment history in the field of corrections. All Defendants know that female inmates have a constitutional right to bodily privacy and religious liberty to practice modesty under their faith. The Plaintiffs were intentionally, knowingly, deliberately denied their constitutional and statutory rights.

39. The Defendants are jointly responsible, at this time, for housing the Plaintiffs with transgender males who say they are women and transgender females who self-report as being men. If the DOJ acknowledges the self-reporting of both groups of transgender inmates, clearly the Plaintiffs rights are being violated and they are being sexually discriminated against by the agency. At this time, female inmates are forced to shower and use other intimate facilities with male inmates.

40. The rights of the Plaintiffs, mainly heterosexual, Christian, Jewish, and Muslim women of faith have been summarily disregarded by the Defendants. No studies were conduct to consider the ramifications of housing men with women. These men were placed within the prison without warning to female inmates.

VI.

RELIEF REQUESTED

The Plaintiffs seek the following relief:

41. Declaratory judgment the the regulations of the FBOP violate the U.S. constitution because they infringe on the Plaintiff's rights to bodily privacy, freedom from cruel and unusual punishment, and religious freedom; and further declare that such regulations are null and void.

42. Mandatory injunctive relief directing the FBOP to promptly relocate all male inmates in female federal prisons who are biological males. If they were born male, these inmates need to be relocated, immediately.

43. Compensate female inmates with a reduction in sentence pursuant to 18 USC Section 3582 and/or the All Writs Act, ordering U.S. Attorney's Offices nationwide to make motions for the specific federal prison population, female inmates, who suffered a punishment not contemplated by the sentencing courts.

44. Money damages of $500,000,000 for past mental and physical pain and suffering. Female inmates still in custody may waive monetary damages if compensated with a reduction in sentence or accept a smaller amount in monetary damages.

45. Punitive damages at the highest rate allowed by law.

46. Nominal damages of $1,00 per Plaintiff from each Defendant.

47. Reasonable attorney fees and costs.

Respectfully Submitted,

J Driever

Jeanette Driever, Plaintiff

January 30, 2019

760 Juan Tabo Blvd, #A13

Albuquerque, NM 87123

VERIFICATION

Pursuant to 28 USC Section 1746, I, Jeanette Driever declare that the above statements are true and correct to the best of my knowledge. I have personal knowledge of all facts stated in the pleading above, and all such facts are true and correct.

Executed on January 30, 2019

Jeanette Driever, Plaintiff


US POSTAGE PAID
$7.35
Origin: 87123
02/01/19
3401340128-09
PRIORITY MAIL 2-Day
0 Lb 4.30 Oz
1006
EXPECTED DELIVERY DAY: 02/04/19
C004
SHIP TO:
1000 LAMAR ST
RM 203
WICHITA FALLS TX 76301-3431
USPS TRACKING NUMBER
9505 5111 8611 9032 4080 50
or ask a retail associate for details.
PLEASE PRESS FIRMLY
Flat Rate
Mailing Envelope
For Domestic and International Use
Visit us at usps.com
From:/Expéditeur: Jeanette Drever
700 Juan Tabo Blvd. NE #A13
Alb, NM 87123
To:/Destinataire: Judge Reed O'Connor
United States District Court
Rm 203
1000 Lamar Street
Wichita Falls, TX
76301
Country of Destination:/Pays de destination:
Please recycle.
Recycled Paper
EP14F