IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BRENDA RHAMES, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Civil No. 7:17-cv-0009-O |

**DEFENDANTS' OPPOSITION TO JEANETTE DRIEVER'S MOTION TO RECONSIDER**

Presently before the Court is the Motion of former *pro se* Plaintiff Jeanette Driever to Reconsider, ECF No. 226, the January 16, 2019 Order dismissing her as a party to this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b), for her failure to file an Amended Complaint during a half-year period. *See* Order, ECF No. 219.[1]

In dismissing Driever, the Court considered all relevant factors and found that "the interests of justice and those of judicial efficiency are best served" in Driever no longer being a party in this case. Order, ECF No. 219 at 3. The Court was correct in its ruling, and its ruling should stand.

---

[1] Driever moves, alternatively, to "join the Complaint with Plaintiff Fleming's case." Motion to Reconsider ("Driever Mtn.") at 1. Presumably, "Plaintiff Fleming's case" is *Rhonda Fleming v. United States, et al.,* 7:18-cv-0004-O (N.D. Tex.) ("*Fleming*"), which was severed from this action. *See* Order, ECF No. 153. Driever further alternatively requests "the Court [to] consider granting class action certification" and make Rhonda Fleming, Driever, and Brenda Rhames lead plaintiffs, but does not specify whether she makes this request in *Rhames* or in *Fleming*. *See* Driever Mtn. at 1.

Driever has not identified any manifest error of law or fact, or newly discovered evidence that should cause the Court to change its decision that was premised on the interests of justice and judicial efficiency.[2] Accordingly, Defendants respectfully request that the Court deny Driever's Motion to Reconsider, and her alternative motions to intervene and for class certification.

## BACKGROUND

On May 12, 2017, Rhonda Fleming, Charlsa Suzanne Little, Jeanette Driever and Brenda Rhames, each represented by counsel, filed a consolidated Third Amended Complaint alleging that certain BOP regulations and policy documents violated their constitutional and statutory rights to the extent they permitted transgender females to be placed in female correctional institutions. *See* ECF No. 59. On September 25, 2017, the Court stayed the case to permit the parties to engage in settlement discussion, *see* Order, ECF No. 111, and the Court twice extended the stay. *See* Orders, ECF Nos. 156 and 174. During the pendency of the stay, Plaintiffs Fleming, Little and Driever each sought, and were granted, withdrawal from representation. *See* Order, ECF No. 152 (granting Fleming's motion to withdraw from representation); Order, ECF No. 153 (severing Flemings' claims); Order, ECF No. 162 (granting Driever's motion to withdraw from representation); Order, ECF No. 175 (granting Little's motion to withdraw from representation).

---

[2] After the January 16, 2019 dismissal Order, the sole Plaintiff, Brenda Rhames, gave Notice that her claims are moot because she is no longer in Bureau of Prisons ("BOP") custody. *See* ECF No. 224. In light of Rhames' Notice, judicial efficiency would be further served in closing this case. For these reasons, there is no basis for *pro se* inmate Peter Langan, *see* ECF No. 223, whose prior iteration of intervention motion Defendants have opposed, *see* ECF No. 199, or represented inmates Theresa Martinez and Leslie Garrison, *see* ECF No. 217, to intervene.

Upon lifting of the stay, the Court ordered Driever, Little, and counsel for Rhames to each file an Amended Complaint by July 11, 2018.  *See* Order, ECF No. 187.  Counsel for Rhames filed Rhames' Amended Complaint on July 11, 2018, alleging constitutional and statutory violations resulting from BOP's placement of transgender females in federal women's prisons.  Little failed to file an Amended Complaint.  On August 2, 2018, the Court dismissed Little from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See* Order, ECF No. 201.

On July 6, 2018, Driever requested an extension of the July 11 deadline to file her Amended Complaint.  *See* ECF No. 190.  On July 20, 2018, the Court granted Driever's motion, allowing her until August 10, 2018 to file her Amended Complaint.  *See* Order, ECF No. 198.  In the July 20 Order, the Court admonished Driever that "[f]ailure to file an amended complaint may result in the dismissal of [her] claims without further notice." *Id.*  Driever filed a second extension motion, on August 10, 2018.  *See* ECF No. 202.  On August 14, 2018, the Court granted Driever's second extension motion and instructed her to file an Amended Complaint by September 10, 2018, and that "[f]ailure to file an amended complaint may result in the dismissal of [her] claims without further notice."  Order, ECF No. 205.  Again, Driever sought an extension, this time by letter to the Court dated September 7, 2018 and filed three days thereafter.  *See* ECF No. 208.  She wrote that she was "still having difficulty finding representation on this case to help me with the amended complaint."  *Id*.  Because Driever had yet to file an Amended Complaint, on January 16, 2019, the Court found that "the interests of justice and those of judicial efficiency are best served by dismissing [Driever] as a party to this action[,]" Order, ECF No. 219 at 3, and dismissed her without prejudice pursuant to Rule 41(b).

On January 31, 2019, after Driever's dismissal, Rhames informed the Court that Rhames is out of BOP custody and therefore her "pending claims in the case have become moot." Plaintiff's Notice of Non-Opposition, ECF No. 224 at 1.

## STANDARD OF REVIEW

Rule 1 of the Federal Rules of Civil Procedure contemplates the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Toward that end, a district court may, pursuant to Federal Rule of Civil Procedure 41(b), "dismiss [a] plaintiff's claims for failure to abide by the court's rules and for want of prosecution." *Pender v. Barron Builders & Mgt Co.*, 298 Fed. Appx. 298 (5th Cir. 2008) (affirming dismissal of action when plaintiff did not "clearly establish any manifest error of law in respect to the district court's determination."). *Id.* at 299. "When a party moves to vacate or reconsider an order, courts apply either Rule 59(e) or Rule 60(b)." *Stipe v. Tregre,* No. 15-2515, 2016 WL 3598295, *2 (E.D. La. July 5, 2016). Under Rule 59(e), a "motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005) (internal quotation and citation omitted). Such error of law or fact must be clearly established because "[a] Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation and citation omitted). Accordingly, "[r]econsideration of a judgment is an 'extraordinary remedy' that should be used 'sparingly,' and Rule 59(e) serves a 'narrow purpose' of allowing a party to bring manifest errors or newly discovered evidence to the Court's attention." *Jackson v. SSA Comm'r*, No. 4:15-cv-2069, 2016 WL 3569942, at *1 (S.D. Tex. July 1, 2016) (quoting *Templet*, 367 F.3d at 479). Under Rule 60(b), the movant must show "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,

4

misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment," *Cornelius v. Director, TDCJ-CID,* No. 9:14-CV-172, 2019 WL 398445, at *1 (E.D. Tex. Jan. 31, 2019), or "any other reason that justifies relief." Rule 60(b)(6). Driever has not demonstrated under either Rule 59(e) or 60(b), any valid reason for the Court to change its Order.

## ARGUMENT

Driever's Motion to Reconsider should be denied for the following reasons. First, Driever has not met the standards for reconsideration. She has failed to identify a "manifest error of law or fact or . . . [to] present newly discovered evidence[,]" *Ross v. Marshall,* 426 F.3d at 763, that would warrant the extraordinary relief of the Court changing its dismissal ruling. *See Jackson v. SSA Comm'r*, No. 4:15-cv-2069, 2016 WL 3569942, at *1 ("[r]econsideration of a judgment is an 'extraordinary remedy' that should be used 'sparingly') (internal quotation and citation omitted). Driever does not contend that the Court in any way erred by allowing her more than half a year to file an Amended Complaint, which was not filed, before it dismissed Driever without prejudice, or that there is some newly discovered evidence the Court should consider. Because Driever failed to file the Amended Complaint despite multiple extensions, the Court, after considering all relevant factors, decided that Driever should no longer be a party to this case. The ruling was correct and Driever has provided no basis for reconsideration.

Second, any attempt by Driever to resurrect her claims[3] by joining them with Rhames'

---

[3] Among the claims Driever seeks to resurrect are the individual-capacity claims that she dismissed with prejudice while represented by counsel. *See* Pls. Little, Driever, and Rhames' Not. of Dismissal of Individual Capacity Claims, ECF No. 138.

Amended Complaint would be futile because, as Rhames concedes, Rhames no longer has any live claims remaining as she has been released from a BOP institution. *See* Pl.'s Not. of Non-Opp'n, ECF No. 224. Accordingly, Driever should not be allowed to resurrect her claims in a mooted case.[4]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Jeanette Driever's Motion to Reconsider in its entirety.

Dated: February 25, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
D.C. Bar #400633
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Rm. 11520
Washington, D.C. 20005
Tel: (202) 305-1953 — fax: (202) 616-8460
email: Kenneth.Sealls@usdoj.gov
*Counsel for Defendants*

---

[4] Driever's request to intervene in *Fleming* should be denied as premature. *Fleming* is apparently awaiting civil screening. *See Fleming*, Order, ECF No. 19 (District Court's Questionnaire to Plaintiff).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff Brenda Rhames by operation of the Court's electronic filing system, and that I emailed the foregoing to Jeanette Driever, and caused it to be mailed to her, first-class, postage prepaid, to 760 Juan Tabo Blvd., NE, #A13, Albuquerque, NM 87123.

s/ *Kenneth E. Sealls*
KENNETH E. SEALLS
Trial Attorney
United States Department of Justice
