IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BRENDA RHAMES, et al., | § | |
|    Plaintiffs, | § | Case No. 7:17-CV-00009-O |
| | § | |
| vs. | § | The Honorable |
| | § | Reed C. O'Connor |
| UNITED STATES | § | |
| OF AMERICA, et al., | § | |
|    Defendants. | § | |

**PLAINTIFF-INTERVENORS' MOTION AND NOTICE OF MOTION TO CERTIFY CLASS ACTION**

### I.   SUMMARY

1. Plaintiff-Intervenors, Theresa Martinez and Leslie Garrison, move for an order certifying the instant case as a class action under Federal Rule of Civil Procedure Rule 23(c)(1)(A) so that this proceeding may be maintained as a class action, with Defendants as the class representatives, acting on behalf of all class Defendants and others similarly situated, namely, all female inmates who have been housed or otherwise situated with genetically-male inmates identifying as female.

2. Defendant also requests that the court's order appoint Warren V. Norred as class counsel as required by Fed. R. Civ. P. 23(g).

3. Defendant further moves the Court for an order:

   a. Authorizing an "appropriate" notice of the maintenance of this class action be given to class members pursuant to Rule 23(c)(2)(A) of the Federal Rules of Civil Procedure.

   b. Authorizing such notice to be by means of mail to last known address or to known email addresses when approved by the individual class members who have authorized such communications.

## II.   FACTUAL SUPPORT AND ARGUMENT

4. This motion is based on this document and all other papers and records on file in this action, specifically incorporating Section IV (titled Facts Supporting Certification as a Class Action) from *Martinez and Garrison's Verified Motion To Intervene* (Doc. 217), together with the evidence and argument produced at the hearing on this motion.

5. Pursuant to Rule 23(a), as discussed in *M.D. v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012), grounds for this motion are as follows:

   a. the class is so large that joinder of all members is impractical;

   b. there are questions of law or fact common to the class;

    c. the claims and defenses of the representative parties are typical of the defined class; and

    d. the representative parties will fairly and adequately protect the interests of the class.

6. Pursuant to Rule 23(b), grounds for class certification also include:

    a. Prosecuting separate actions by or against individual class members would create a risk of inconsistent judicial results, adjudications with respect to any particular individual class member would be dispositive to other members, or would substantially impair class members from protecting their interests;

    b. The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or declaratory relief is appropriate respecting the entire class as a whole; or

    c. This Court will find that questions of law and fact common to the class members will predominate over those questions affecting only individual members, and that the class action

superior to other available methods for adjudicating the controversy fairly and efficiently.

7. Aside from the already incorporated facts, the events of this case have clearly demonstrated that the events of which the plaintiff and Intervenors have complained are continuously repeating and *nearly incapable* of review. The asserted members of the class action are consistently transferred from one prison to another, or released, or the male identifying as a woman is moved so the Defendants can keep any single female prisoner from even beginning to exhaust remedies.

8. As discussed in *Weinstein v. Bradford*, 423 U.S. 147, 147, 96 S. Ct. 347, 348 (1975), a class action supports the "capable of repetition, yet evading review" doctrine, and while not absolutely necessary in this case right now (as Intervenor Garrison is not expected to leave the federal government's custody until 2027), Defendants need only transfer the male with whom she is forced to reside away to another location in order to deprive all class members of any opportunity to meaningfully challenge the offending policy.

9. Defendants have argued with an assumption that Intervenors should be forced to exhaust administrative remedies before filing suit,

but that requirement must be examined in light of the same described pattern and the Fifth Circuit's observation that:

> Like most judicial doctrines, the requirement of exhaustion of administrative remedies is subject to numerous practical exceptions which result from the efforts of the courts to balance the rights of the claimants against the substantial policy factors favoring the rule. Briefly the traditional exceptions are first, exhaustion is not required when the prescribed administrative remedy is plainly inadequate because either no remedy is available, the available remedy will not give relief commensurate with the claim, or the remedy would be so unreasonably delayed as to create a serious risk of irreparable injury.

*Patsy v. Florida Intern'l Univ.*, 634 F.2d 900, 902 (5th Cir. 1981).

10. Because Defendants can play games with any one female prisoner who objects to being housed with a male by moving one or the other, they can continuously change the litigation environment. Thus, this case militates against a blanket requirement that all administrative remedies be exhausted before suit can be filed.

11. As the facts of this case are ever-changing, Intervenors expect that additional facts may arise before the Court rules on this motion and if so, those new facts may be brought to the Court's attention at a hearing or in a subsequent pleading prior to such hearing.

### III.   PRAYER

12. Intervenors request that this case be certified as a class action, that they be appointed representatives of the class, and the undersigned be appointed class counsel.

Respectfully submitted this March 21, 2019,

>/s/ Warren V. Norred
>Warren V. Norred, TX Bar: 24045094
>Norred Law, PLLC
>515 E. Border Street
>Arlington, Texas 76010
>O: 817-704-3984; F: 817-524-6686
>wnorred@norredlaw.com
>Attorney for Defendant

CERTIFICATE OF SERVICE - I certify that on March 21, 2019, a copy of the foregoing was served on all interested parties who can accept electronic service via the Court's e-filing system.

>/s/ Warren V. Norred
>Warren V. Norred, TX Bar: 24045094

CERTIFICATE OF CONFERENCE - I certify that on March 20, 2019, I communicated with Defendant's counsel, Kenneth E. Sealls, receiving a return email that Defendants are opposed to this motion.

>/s/ Warren V. Norred
>Warren V. Norred, TX Bar: 24045094