## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BRENDA RHAMES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:17-cv-009-O** |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER DENYING MOTION TO INTERVENE

### Background

Before the Court is Theresa Martinez and Leslie Garrison's Motion to Intervene.  ECF No. 217.  Defendants have filed a response in opposition and Theresa Martinez and Leslie Garrison have filed a reply.  ECF Nos. 229 & 232.  Upon consideration of the motion, response, and reply, and upon review of the record in this case, the Court finds and orders as follows:

On February 3, 2017, this action was severed from *State of Texas v. United States*, No. 7:16-cv-054-O (N.D. Tex. 2017).  *See* Order, ECF No. 1.  At issue in this case is the Federal Bureau of Prisons' policy of housing inmates who were born male but now identify as female (transgender inmates) in female prison facilities.  The three original Plaintiffs, Rhonda Fleming, Charlsa Little, and Jeanette Driver were proceeding *pro se.*  On April 7, 2017, attorneys James Pikl and Gary McCaleb entered their appearances as counsel for Plaintiffs.  *See* ECF No. 55.  Plaintiffs filed a Third Amended Complaint on May 12, 2017 in which Brenda Rhames was added as a Plaintiff.  *See* ECF No. 59.  On September 25, 2017, the Court entered an order granting Plaintiffs' Unopposed Motion to Abate the Case Pending Settlement Negotiations for a period of 120 days.  *See* ECF No. 111.  Two extensions of time for the abatement period were granted.  *See* Orders, ECF Nos. 156

& 174.  On May 25, 2018, Plaintiffs' counsel notified the Court that, despite good faith negotiations, settlement was not achieved.  *See* Notice, ECF No. 180.  The Court then lifted the stay and returned the case to active status.  *See* Order, ECF No. 183.

During the period of abatement, Plaintiffs Rhonda Fleming, Jeanette Driever, and Charlsa Little's motions to remove the attorneys as their counsel were granted and Fleming, Driever, and Little proceeded *pro se.  See* Orders, ECF Nos. 152, 162, 175.  On January 11, 2018, based on the numerous individual claims presented by Rhonda Fleming that were unrelated to the central issue in the instant case, Plaintiff Fleming and her claims were severed from this case and a new civil action was opened.  *See* Order, ECF No. 153; *Fleming v. United States*, No. 7:18-cv-004-O (N.D. Tex.).

On June 7, 2018, a Status Conference was held.  *See* ECF No. 186.  As a result of the Status Conference, the Court ordered as follows:

> On May 11, 2018, the United States Department of Justice issued revisions to the Transgender Offender Manual for the Bureau of Prisons.  *See* ECF No. 181 at 4-6.  Counsel has represented to the Court that, although this case has not settled, the revised manual has resulted in changes in circumstances that warrant revisions in the pleadings.  *See* ECF No. 184.  Additionally, Plaintiff Brenda Rhames has voluntarily **WITHDRAWN** her Motion for Preliminary Injunction (ECF No. 79) without prejudice to her right to seek a preliminary injunction in the future if necessary.  Due to the change in circumstances in this case, Jeanette Driever and Charlsa Suzanne Little's Motion for Preliminary Injunction (ECF No. 79) is **DISMISSED** without prejudice to their right to seek a preliminary injunction in the future if necessary.

> In light of the revisions to the Transgender Offender Manual, and in light of the fact that Jeanette Driever and Charlsa Suzanne Little have dismissed Counsel and are now proceeding *pro se*, Jeanette Driever, Charlsa Suzanne Little, and Counsel for Brenda Rhames, shall each file an Amended Complaint by **July 11, 2018.**  Defendants shall file Answers or otherwise respond to the Amended Complaints by **September 10, 2018.**

*See* Order, ECF No. 187.  Plaintiffs were admonished that failure to file and Amended Complaint as ordered may result in dismissal of a Plaintiff's claims for want of prosecution.  *Id.* at 2 n.1.  On August 3, 2018, the Court entered an order dismissing Plaintiff Charlsa Little as a party to this action pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution due to her failure to file an Amended Complaint.  *See* ECF No. 201.  On January 16, 2019, after granting her two extensions of time (ECF Nos. 198, 205), Plaintiff Jeanette Driever was dismissed as a party to this action pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution due to her failure to file an Amended Complaint.  *See* ECF No. 219.

On December 18, 2018, Plaintiff Brenda Rhames notified the Court that, on December 12, 2018, she was released from prison and is now serving time on home confinement.  *See* ECF No. 216.  As a result, she concedes that her claims for injunctive and declaratory relief are now moot. *Id.*  Rhames states that, in addition to the reasons for dismissal identified in Defendants' Motion to Dismiss (ECF No. 206), "dismissal of [her] Amended Complaint also is warranted because the Court lacks subject matter jurisdiction as her claims are moot." *Id.* at 2.

On January 8, 2019, Theresa Martinez and Leslie Garrison filed their Motion to Intervene. ECF No. 217.  Martinez and Garrison ("Intervenors") seek leave to intervene under Federal Rule of Civil Procedure 24(a) as a matter of right or, alternatively, as permitted under Rule 24(b), permissive intervention. Further, they assert that this case is proper for class certification based on Rule 23. *Id.* at 1.

Federal Rule of Civil Procedure 24(a) permits a party to seek intervention as of right while Rule 24(b) allows for permissive intervention. Fed. R. Civ. P. 24. "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Texas v. United*

*States*, 805 F.3d 653, 656 (5th Cir. 2015) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)).  "Federal courts should allow intervention where no one would be hurt and greater justice could be attained."  *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks omitted).

### Intervention of Right

Intervenors do not contend that any statute of the United States provides them an unconditional right to intervene in this case as allowed under Rule 24(a)(1).  *See* Motion to Intervene, ECF No. 217.  Therefore, the Court's focus is on subsection (a)(2) of Rule 24.

A court may grant a plaintiff-intervenor's motion to intervene as of right under Rule 24(a)(2) if the intervenor satisfies a four-prong test:

> (1) the application ... must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas*, 805 F.3d at 657 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)); *see Sommers v. Bank of America, N.A.* 835 F.3d 509, 512 (5th Cir. 2016) (same).

"Failure to satisfy any one requirement precludes intervention of right."  *St. Bernard Parish v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).

With regard to the third prong of the four-part test, Intervenors state that:

> Intervenors are so situated that the disposition of this action may as a practical matter impair or impede their ability to protect their interest because the original plaintiffs either [have]

-4-

been transferred from FMC Carswell to a facility that does not currently house male inmates or are no longer incarcerated.

*See* Motion to Intervene, ECF No. 217 at 2.  Defendants argue that:

> [D]isposition of [the instant case] would not "as a practical matter, impair [the Movants'] ability to protect" any interest they have in the "subject of the action." *Sommers*, 835 F.3d at 512. Again, [the instant case] is moot.  In any event, assuming they have live claims and have exhausted their administrative remedies, the Movants may bring their own lawsuit to litigate the alleged constitutional and statutory violations resulting from BOP's placement of transgender inmates in federal women's prisons.

*See* Defendants' Opposition to Motion to Intervene, ECF No. 229 at 6.  In their reply in support of the motion to intervene, Martinez and Garrison argue that:

> While Intervenors can certainly file their own suit if this one is dismissed and start this entire process over, court efficiency suggests that one court with one judge who is familiar with the issues handle these cases.  As a practical matter, these are unusual cases that require a female prisoner who is not easily cowed by threats from the much larger male who is living in close proximity to file suit, and obtain aid from an attorney who is willing to work in a strange litigation environment.  The Court can observe that difficulties of managing relationships between the plaintiffs and counsel working at a distance through the communications system has resulted in delays.  And while this Court is not obligated to make life easy on the women who are in prison, the Court can also observe that simply continuing this suit in this Court is clearly more efficient than requiring new suits to be filed and the institutional loss of momentum which inevitably occurs.

*See* Martinez and Garrison's Reply in Support of Verified Motion to Intervene, ECF No. 232 at 2-3.

Here, Intervenors agree that they can file a new lawsuit to protect their interests.  But they argue that their motion to intervene should be granted as a matter of judicial efficiency because the Court is familiar with the issues and because it would be more efficient to continue with this case rather than filing a new lawsuit.  *Id.*

Judicial efficiency and convenience for putative intervenors are not factors for consideration under the test for intervention of right.  The Court finds that Intervenors have failed to demonstrate that they are so situated that the disposition of this action may, as a practical matter, impair or

impede their ability to protect their interests relating to the issues in this case.  Therefore, Martinez and Garrison are not entitled to a right of intervention under Rule 24(a)(2).

**Permissive Intervention**

A district court has complete discretion on whether to allow permissive intervention, even if there is a common question of law or fact, or the requirements of Rule 24(b) are satisfied.  *In Re Greyhound Secs. Litig.*, No. 3:95-cv-2103-G, 1997 WL 531317 at *3 (N.D. Tex. Aug. 15, 1997). Rule 24(b)(1)(A) provides for permissive intervention where a putative intervenor is given a conditional right to intervene by a federal statute.  In the instant case, Intervenors do not argue that any statute of the United States provides them with a conditional right to intervene.  *See* Motion to Intervene, ECF No. 217.  Therefore, the Court will review the request for permissive intervention under Rule 24(b)(1)(B).

When deciding whether to grant permissive  intervention under Rule 24(b)(1)(B), the Court should consider whether intervenors have claims that share common questions of fact or law with the claims at issue in the case.  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED. R. CIV. P. 24(b)(3).

Defendants argue, and Plaintiff Rhames concedes, that the claims in this case are now moot and that Rhames has no further claims against Defendants.  *See* Defendants' Opposition to Motion to Intervene, ECF No. 229 at 1; Plaintiff's Notice of Non-Opposition, ECF No. 224 at 1, 2. Defendants argue that, because Plaintiff's claims are moot, there is no case or controversy pending before the Court which renders the case "jurisdictionally defective."  *See* Defendants' Opposition to Motion to Intervene, ECF No. 229 at 5, 6.  Defendants further argue that, because Plaintiff's

-6-

claims are moot, there is no main action having a question of law or fact in common with the claims of Intervenors.  *Id.* at 6, 7.

In response, Intervenors argue that Defendants' mootness argument was made before their Motion to Certify Class Action (ECF No. 230) was filed and, if that motion is granted, the mootness argument is eliminated.  *See* Martinez and Garrison's Reply in Support of Verified Motion to Intervene, ECF No. 232 at 3.

It is well established that, where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot.  *See Rogers v. Paul*, 382 U.S. 198, 199 (1965); *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40 (5th Cir. 1974); *Bing v. Roadway Express, Inc.*, 485 F.2d 441 (5th Cir. 1973).  But, putative intervenors do not become parties to an action unless the motion to intervene is granted.  *Edwards v. City of Houston*, 78 F.3d 983, 993 (5th Cir. 1996).  And this case is not a class action.

Intervenors seek to adopt Plaintiff's Amended Complaint, adopt Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, and adopt Plaintiff's Memorandum in Support, including documents referenced therein, and then move for class certification.  *See* Motion to Intervene, ECF No. 217 at 2, 3.  The Court finds that, in light of the fact that this case is now moot, Intervenors are not entitled to resurrect Plaintiff's claims in this manner.  *See Horn v. Eltra Corp.*, 686 F.2d 439, 442 n. 2 (6th Cir. 1982) (absent an independent basis for jurisdiction, intervenor may not "breathe life into a 'non-existent' lawsuit" ) (quoting *McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980)); *Atkins v. State Board of Education of North Carolina*, 418 F.2d 874, 876 (4th Cir. 1969) (although a court may treat intervention as a separate action, "[o]rdinarily intervention cannot be

-7-

used to revive a lawsuit"); *see also Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. 27, 31 (E.D. Pa. 1983) (denying permissive intervention where would-be intervenor "seeks to intervene in order to cure the jurisdictional and other defects of the plaintiff's complaint" because "[m]anufacturing jurisdiction is not a proper place for permissive intervention"); *Interstate Commerce Commission v. Southern Railway Company*, 380 F. Supp. 386, 395 (M.D. Ga. 1974) ("Given the presence of a fatal defect in the . . . complaint, it is . . . plain that the complaint must be dismissed, and from this it follows that there remains no action in which [would-be intervenors] may intervene."), *aff'd in relevant part*, 543 F.2d 534 (5th Cir. 1976).

In the instant case, where intervention omits the original Plaintiff and alleges a new class action where there was none, it is apparent that the purpose of intervention extends beyond merely "breathing life" into a non-existent lawsuit, rather it involves the commencement of new civil action. *See In re Elscint, Ltd. Securities Litigation*, 674 F. Supp. 374, 378-79 (D. Mass. 1987) (denying motion to intervene filed by individuals who, unlike original plaintiffs, had standing to assert securities claims, because allowing intervention would be "an impermissible use of intervention, akin to the improper use of intervention to manufacture jurisdiction" and because "if intervention were allowed . . . , not only would the original plaintiffs not be able to serve as class representatives for the [securities] claims, they would not even be members of a class which the intervenors would be certified to represent"); *Washington v. Wyman*, 54 F.R.D. 266, 271-72 (S.D.N.Y. 1971) (denying permissive intervention on ground that no claim or defense remained in which would-be intervenor could have common interest because original plaintiff's claim was subject to dismissal under FED. R. CIV. P. 12(b)(6)).

Moreover, the Court finds that granting permissive intervention would unduly prejudice the adjudication of Defendants' rights in this case. The parties in this case have been involved in settlement negotiations and litigation since the filing of the case on February 3, 2017. Defendants sought and were granted a protective order. *See* ECF Nos. 93, 98, 102, 103. They have been involved in two hearings conducted by the Court. *See* ECF Nos. 132, 186. They have filed a Motion to Dismiss, a Memorandum in Support, and a Reply to Plaintiffs' responses. *See* ECF Nos. 206, 207, 213. And Defendants have filed other pleadings, motions, and responses to various motions filed by Plaintiff Rhames and by *pro se* Plaintiffs who are no longer parties to this action. *See* ECF Nos. 85, 88, 90, 99, 100, 101, 109, 128, 131, 155, 170, 184, 193, 199, 203, 218, 221, 227, 233.

Plaintiff Rhames' claims are moot and the Court finds that, in light of the significant investment in time and effort made by Defendants during the pendency of this case, requiring them to now begin litigation in a class action involving new lead Plaintiffs would render their prior efforts meaningless. Additionally, Plaintiff Rhames has dismissed individual capacity claims against Defendants and she does not seek monetary damages. *See* Plaintiff's Fourth Amended Complaint, ECF No. 191 at 38-40 (seeking declaratory judgment and injunctive relief; Notice of Dismissal of Individual Capacity Claims, ECF No. 138; Rhames Response to Motion to Dismiss, ECF No. 211 (waiving claim for nominal damages); Rhames Memorandum in Support of Response to Motion to Dismiss, ECF No. 211 at 15-16 (briefing Plaintiff's claims for equitable relief and waiving monetary damages). In contrast, Intervenors Martinez and Garrison claim to be "suffering damages in their own right" and seek to be "compensated." Motion to Intervene, ECF No. 217 at 2. Martinez and Garrison have not explicitly waived individual capacity claims against Defendants which could result in an Amended Complaint raising individual capacity claims and demanding monetary damages.

Because such claims have been waived by Plaintiff Rhames, the Court finds the risk of defending against such claims in this action is prejudicial to Defendants.  Again, Intervenors seek to be "compensated."

The Court further finds that allowing intervention would unduly delay adjudication of Defendants' rights in this action, which is already over two years old.  Intervenors concede that they can file a new lawsuit to protect their interests.

<u>**Conclusion**</u>

For the foregoing reasons, Martinez and Garrison's Motion to Intervene, ECF No. 217, is **DENIED**.

**SO ORDERED** this **12th day** of **April, 2019**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

-10-